# REPORTS OF CASES

# THE SUPREME COURT,

## APRIL TERM, 1879.

## H. NEWMARK & CO. v. R. H. CHAPMAN.

PROCESS ERRONEOUS BUT NOT VOID.—A copy of a judgment of foreclosure of a mortgage, issued by the Clerk to the Sheriff, will be regarded as process for the execution of the judgment, and although erroneous is not void, but may be amended.

WRIT OF ASSISTANCE.—In proceedings for a writ of assistance, a person in possession under a lease, made after the commencement of the action to foreclose the mortgage, cannot collaterally attack the process on the ground that it is erroneous.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The proceeding below was a petition for a writ of assistance. M. J. Newmark filed an affidavit to the effect that on September 10th, 1875, F. P. F. Temple was the owner of Temple Block; that to secure an indebtedness to one Alexander Weill, he (Temple) mortgaged the block, and the mortgage was subsequently duly foreclosed. Counsel for Weill requested the Clerk of the Court to certify a copy of the foreclosure decree, for the purpose of placing it in the Sheriff's hands and having the latter officer enforce the same; the Clerk made out the certified copy, and it was handed to the Sheriff, who executed

the decree by duly publishing notices of sale and then selling the premises in controversy at public auction. The affiant was a member of the firm of H. Newmark & Co., and the block was bid in by that firm.

After the expiration of six months from the date of the sale, no redemption having been made, the Sheriff delivered his deed of the premises, which deed is now held by Newmark & Co.

It is also stated that R. H. Chapman entered after the suit, under a lease from Temple, and had full notice of all the above matters. The affidavit stated that Chapman withholds a portion of the premises, to wit, one room in said block, from the petitioner.

Chapman demurred to the petition, on the ground that the Sheriff did not have a proper writ authorizing him to sell the property.

The Court made an order granting the writ, and Chapman appealed from the order.

*R. H. Chapman, in pro. per.*, for Appellant, relied on sec. 17, subd. 6, Code of Civil Procedure, defining a writ: sec. 682 and 684 of the Code of Civil Procedure; also, *Heyman* v. *Babcock*, 30 Cal. 367.

*Glassell, Chapman & Smith*, for Respondent, cited *Miller* v. *Sherry*, 2 Wall. 248 ; *Strodes* v. *Patton*, 1 Brock. 233 ; *Whiting* v. *Bank of U. S.* 13 Peters, 7 ; *Commonwealth* v. *Ragsdale*, 2 Hen. & M. 8 ; *Spencer* v. *Carter*, 4 Ibid. 402 ; *Fairfax* v. *Muse's Executors*, 4 Munf. 124 ; *Gaskin* v. *Meek*, 42 N. Y. 188 ; Curtis' Eq. Pr. 391, 408 ; *People* v. *Bergen*, 53 N. Y. 409 ; 5 Waits' Pr. 218, 221, 224, 228.

By the COURT :

The process under which the mortgaged property was sold was only a copy of the judgment issued and attested by the Clerk. It did not conform to secs. 682 and 684 of the Code of Civil Procedure, as it did not purport to have been issued in the name of the People, nor was it directed to the Sheriff, nor did it direct him to execute the judgment. Process of that kind was regarded

as regular in foreclosure cases under the Practice Act, (*Heyman* v. *Babcock*, 30 Cal. 367) and it would be so regarded up to the time of the adoption of an amendment to sec. 684 in 1874. By that amendment it was provided that "when the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith."

The process was erroneous; but was it, for the defects above mentioned, void? The judgment itself directed the Sheriff to do all that process, issued in the most formal and regular manner, could have directed him to do. If the process was amendable by supplying the above-mentioned defects, it was not void; for void process cannot be amended; and if it was amendable, it will be treated, in this proceeding, as having been amended— that is to say, it cannot be attacked collaterally. (*Hunt* v. *Loucks*, 38 Cal. 372.) The power to amend process, so as to correct clerical misprisions and supply omissions of matters of form, is almost universally conceded; and in view of the numerous amendments, both of form and of substance, allowed by the Courts, it is difficult to prescribe limits to this salutary power, in cases where it does not appear that the amendment will injuriously affect the interests of third persons. And, accordingly, amendments have been allowed by which all the defects of the kind of those in the process in this case have been remedied. (See Freeman on Executions, sec. 63 and following, and cases there cited.)

The process, though erroneous, was not void; and as against the defendant, who is the tenant of one of the defendants in the action to foreclose the mortgage, under a lease made after the commencement of that action, the process will be regarded as sufficient authority to the Sheriff to sell and convey the mortgaged premises.

Order affirmed.