#### (February 15, 1897.)

## WILSON v. GRAY.

[47 Pac. 942.]

FORECLOSURE OF MORTGAGE—PROCESS ERRONEOUS—NOT VOID—AMEND-MENT OF.—The process or writ authorized by section 4473 of the Revised Statutes may be amended upon a proper showing.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellants.

Freeman, in his work on Void Judicial Sales, at section 25, says: "The necessity for a writ of execution cannot be answered by a writ called by that name, but substantially defective in form. It must at least purport to come from some compe-tent authority; must show what judgment it is designed to enforce, and must direct the officer to enforce or satisfy the

judgment. (*Place v. Riley,* 98 N. Y. 1; *Douglass v. Whiting,* 28 Ill. 362; *Gaskil v. Aldrich,* 41 Ind. 338.) The writ at bar is no protection to any officer acting under it and making a sale. (*Maupon v. Emmons,* 47 Mo. 304; Corker on Sheriffs, secs. 28, 281, 285; Murphy on Sheriffs, secs. 100, 274; Waples on Attachment, sec. 235; *Kleissendorff v. Fore,* 3 B. Mon. 471.) Whether a judicial sale shall stand or fall, depends on, (1) the validity of the judgment, and (2) on the validity of the writ. (*Peterson v. Weissbein,* 75 Cal. 174 (178), 16 Pac. 769.)

E. M. Wolfe, for Respondent.

The order of sale here is in regular form. It is issued in the name of the people, sealed with the seal of the court, subscribed by the clerk, directed to the sheriff, recites the material parts of the judgment. In the requirement directing the officer to execute the judgment, it is irregular in this, that the command to execute the judgment is taken from the judgment, and is in these words: "And, whereas, said judgment is declared to be a lien upon the hereinafter described real estate, it is adjudged and decreed that all and singular the mortgaged premises . . . . be sold at public auction by the sheriff of Elmore county, in the manner prescribed by law, etc." To support a title there must be a judgment, an execution and a deed. If it appear that the judgment, execution and deed are links of the same chain, the title will stand. (Alderson on Judicial Writs and Process, secs. 96-51; *Hunt v. Loucks,* 38 Cal. 372-376, 99 Am. Dec. 404.) In the case cited by opponent, *Newmark v. Chapman,* 53 Cal. 557, the process "did not purport to have been issued in the name of the people, nor was it directed to the sheriff, nor did it direct him to execute the judgment." That the process was amendable, see Freeman on Executions, sections 63-103. (*Pecotte v. Oliver,* 2 Idaho, 251, 10 Pac. 302; *Van Cleave v. Bucher,* 79 Cal. 600, 21 Pac. 954.) This motion is not a direct attack, as it was not made until after the execution was returned, and is a motion to set aside the sale, not quash the execution. (*Scott v. Allen,* 1 Tex. 508.)

SULLIVAN, C. J.—This is an appeal from an order of the court, denying the defendants' motion to set aside the decree entered in said entitled case, and to quash the order of sale issued on said decree, and to set aside the service of said order of sale, as well as the sale made thereunder; also from the order of the court granting plaintiffs permission to amend said order of sale. It appears from the record that this action was brought for the foreclosure of a certain mortgage. A judgment and decree of foreclosure was obtained, and the mortgaged property ordered to be sold. Thereafter an order of sale entitled "Execution in Foreclosure" was issued by the clerk of said court, and the property described in said mortgage was sold, and due return of said execution or order of sale made by the sheriff, on the sixth day of July, 1895. Thereafter, on the seventh day of February, 1896, appellants, the Grays, made the motion to quash and set aside sale above referred to; and on the tenth day of April, 1896, the motion was denied by the court. It is conceded by the appellants that the only question for determination is the validity of the order of sale. If that is sufficient to sustain the sale made under it, the action of the lower court should be affirmed.

Section 4473, of the Revised Statutes, provides for the issuance of a writ for the enforcement of a decree of foreclosure, and, among other things, provides as follows: "When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." Under the provisions of that section, the writ should contain the recitals required by its provisions, and should also direct the proper officer to execute the judgment. The writ under consideration contains the proper recitals, but fails, outside of the recitals, to command the officer to sell the property. Is it void because of that defect? The recitals contained in the writ were copied from the decree, and direct the sheriff to proceed, and sell the premises described in said decree, at public auction, in the manner prescribed by law, according to the course and practice of that court, and after the time allowed for redemption had expired, to execute a deed

to the purchaser at such sale, and also direct the manner of the disbursement of the receipts from such sale. The recitals in said writ, which are in the words of the decree, direct the sheriff to do all that a writ issued in the most formal manner could have directed him to do. The process, though erroneous, was not void. It was amendable. (*Newark v. Chapman,* 53 Cal. 557.) No injury is alleged or shown arising from the defect in said order of sale. The motion to quash and set aside is based on merely technical grounds. No showing was made on the hearing of said motions that the land sold under said order of sale did not bring an adequate price, or that anyone refused to bid at said sale because of the defect in the writ. Under the facts of this case, the order of the court denying the motion to quash and set aside, as well as the order granting the motion to amend said writ, must be sustained; and it is so ordered.

Huston and Quarles, JJ., concur.