[S. F. No. 309.   In Bank.—July 16, 1897.]

# HIBERNIA SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* WILLIAM F. LEWIS ET AL., DEFENDANTS, J. D. BOYER, APPELLANT.

MORTGAGE—FORECLOSURE — PURCHASE BY MORTGAGOR—WRIT OF ASSISTANCE—PARTIES—PURCHASERS WITH NOTICE OF ACTION. — A writ of assistance is the proper remedy to place the mortgagee, who has purchased under a foreclosure sale, in possession under his deed; and it runs against the mortgagor and all persons who have purchased under him *pendente lite,* with notice of the action.

ID.—PURCHASE BY ATTORNEY FROM MORTGAGOR—ACTUAL NOTICE OF ACTION—VERIFICATION OF ANSWER.—Where an attorney purchased from the mortgagor *pendente lite,* and afterward appeared for the mortgagor in the action, and verified the answer therein upon his personal knowledge of the facts therein alleged, which showed that at a time prior to the date of his purchase an agreement was made between the mortgagor and the mortgagee after the commencement of the action, whereby the default of the mortgagor was waived, and the time for payment of the mortgage extended in consideration of a sum of money then paid by the mortgagor, such attorney is chargeable with actual notice of the pendency of the action at the date of his purchase, and is bound by the judgment of foreclosure, and is subject to be removed from possession under a writ of assistance in favor of the mortgagee.

ID.—ALIAS SUMMONS—LAPSE OF YEAR—EFFECT OF APPEARANCE—JURISDICTION—COLLATERAL ATTACK UPON JUDGMENT.—Although an alias summons cannot properly be issued after the expiration of one year from the filing of the complaint, yet where the mortgagor appears and answers the complaint, after the service upon him of an alias summons, which was improperly issued, the court acquires jurisdiction of his person by such appearance; and it is of no moment whether there was or was not a valid summons, or any summons in the case; and where a motion of the mortgagor to set the judgment aside on the ground of mistake in answering is denied, and an appeal therefrom dismissed, the judgment cannot be collaterally attacked for error in refusing such motion, upon application for a writ of assistance to put the mortgagor in possession after purchase at the foreclosure sale.

ID.—JURISDICTION INVOLVES RIGHT TO DECIDE—VALIDITY OF JUDGMENT.— Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment till reversed is regarded as binding on every other court.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a writ of assistance.   A. A. SANDERSON, Judge.

The facts are stated in the opinion.

CXVII. CAL.—37

*J. D. Boyer,* in *pro. per.,* for Appellant.

The appearance of Lewis having been through mistake, caused by fraud of the plaintiff, the judgment does not bind a *pendente lite* purchaser. (*Amador etc. Co.* v. *Mitchell,* 59 Cal. 178.). After the lapse of the year, the original summons having been returned not served upon the mortgagor, who was a necessary party, no further proceedings could be had, and the case should have been dismissed. (Code Civ. Proc., secs. 406, 408, 581, subd. 7.) Appellant, as successor of the mortgagor, had the right to have the action dismissed. (*Fanning* v. *Foley,* 99 Cal. 336.) If the appellant at any time had an absolute legal right to have the action dismissed, or had rights in property under contracts subsequent to the action, then such rights were vested rights, and no legislature, court, or power could divest him of them without due process of law. (*Campbell* v. *Holt,* 115 U. S. 620; *Green* v. *Biddle,* 8 Wheat. 1–76; *Von Hoffman* v. *Quincy,* 4 Wall. 535; *Moore* v. *Luce,* 29 Pa. St. 261; 72 Am. Dec. 629.) Fraud vitiates everything, and courts have uniformly refused to proceed further, when it is brought to their attention that the very foundation of the action, the jurisdiction of the court, was tainted by fraud. (*Ilsley* v. *Nichols,* 12 Pick. 270; 22 Am. Dec. 425; *Dunlap* v. *Cody,* 31 Iowa, 260; 7 Am. Rep. 129; *Shryer* v. *Miner,* 20 Ind. 175; *Carpenter* v. *Spooner,* 2 Sandf. 717; *Smith* v. *Nelson,* 62 N. Y. 286; *Ward* v. *Southfield,* 102 N. Y. 287; *United States* v. *Throckmorton,* 98 U. S. 61; 2 Pomeroy's Equity Jurisprudence, 847.)

*Tobin & Tobin,* for Respondent.

The writ of assistance was an appropriate remedy against all parties bound by the decree. (*Montgomery* v. *Tutt,* 11 Cal. 190; *Frisbie* v. *Fogarty,* 34 Cal. 11; *New York Life Ins. Co.* v. *Rand,* 8 How. Pr. 352; *Skinner* v. *Beatty,* 16 Cal. 156; *Montgomery* v. *Middlemiss,* 21 Cal. 103; 81 Am. Dec. 146; *Sichler* v. *Look,* 93 Cal. 600.) The appellant being a purchaser *pendente lite,* and hav-

ing entered under the mortgagor defendant, is *prima facie* liable to be turned out of possession by the writ of assistance. (*Satterlee* v. *Bliss*, 36 Cal. 489; Freeman on Executions, sec. 475, p. 776.) Appellant had notice of the pendency of the action.

THE COURT.—This cause was submitted to Department One, and on January 23, 1897, the following decision was rendered:

"SEARLS, C.—Two appeals were taken in this case— one from an order refusing to vacate the judgment and the other from an order granting a writ of assistance. Upon motion of counsel for respondent the appeal from the order refusing to vacate the judgment was dismissed. (*Hibernia etc. Soc.* v. *Lewis*, 111 Cal. 519.) It follows that the only questions for consideration are those involved in the appeal from the order granting the writ of assistance.

"The action was brought December 1, 1892, to foreclose a mortgage executed May 26, 1891, by Anna A. Lewis and William F. Lewis (who are husband and wife) upon a city lot, situate at the southeasterly corner of Jackson and Baker streets, San Francisco, to secure the joint and several promissory note of the mortgagors, bearing even date with the mortgage, for seven thousand dollars, and payable one year after date, with interest, etc. The mortgage was duly recorded at the date of its execution. The Santa Cruz Rock Pavement Company and sundry other parties were made defendants, as subsequent lienholders, but as they are not involved in this appeal they need not be further mentioned. Summons was duly served upon Anna A. Lewis and she made default. Defendant William F. Lewis was served with summons March 1, 1894, in Sonoma county, and appeared, and in March, 1894, filed a demurrer to the complaint, which was overruled, whereupon, and on April 11, 1894, he filed an answer in the case. On May 31, 1894, on motion of defendant William F. Lewis, he

was permitted to withdraw his answer. A decree of foreclosure was entered in due form December 5, 1894, under which the mortgaged property was duly sold, the plaintiff (respondent here) became the purchaser, and, no redemption having been had, a deed was in due form executed, exhibited to appellant, who was in possession, and possession demanded from him, which was refused, and thereafter, on application of plaintiff, and after a hearing and opposition by appellant, the writ issued. The appellant, J. D. Boyer, was in possession of the property under a deed of conveyance executed by the mortgagors, Anna A. and William F. Lewis, May 4, 1893, and duly recorded at the date thereof.

"As will be seen from the foregoing statement, appellant purchased the mortgaged premises during the pendency of the action to foreclose. A writ of assistance is the proper remedy to place the mortgagee who has purchased under a foreclosure sale in possession under his deed. It runs against the mortgagor and all persons who have purchased the fee under him *pendente lite* with notice. (Freeman on Executions, sec. 37 *d;* Wiltsie on Foreclosures, sec. 593; *Montgomery* v. *Tutt,* 11 Cal. 190; *Frisbie* v. *Fogarty,* 34 Cal. 11; *Skinner* v. *Beatty,* 16 Cal. 156; *Montgomery* v. *Middlemiss,* 21 Cal. 103; 81 Am. Dec. 146; *Sichler* v. *Look,* 93 Cal. 600; *Newmark* v. *Chapman,* 53 Cal. 557.)

"Appellant contends that he is not bound by the decree, for the want of notice, either constructive or actual, of the pendency of the action. Respondent avers in his brief that a *lis pendens* was recorded December 1, 1892, in liber 40 of Lis Pendens, at page 50. We find no proof of this fact in the record and cannot assume it to be correct. We think, however, the court was fully justified in holding, as it must have done, that appellant had actual notice of the pendency of the action. The facts as disclosed by the record on this point are: 1. That the appellant, who was the purchaser from the mortgagors, appeared in this action as the attorney for William F. Lewis, and filed a demurrer

to the complaint, and, upon its being overruled, on the
11th of April, 1894, filed an answer for said Lewis to
the complaint; 2. Said answer set out that after the
commencement of the action (some thirteen days after
December 1, 1892), as the affidavit shows, plaintiff and
defendant entered into an agreement whereby it was
stipulated that the time for payment should be ex-
tended, and the default mentioned in the complaint
should be waived, in consideration of which Anna A.
Lewis paid to plaintiff two hundred dollars, etc.   This
answer was sworn to by appellant here, as attorney
for the defendant, who says in his affidavit 'that
the affiant knows the facts set forth in the above
answer are true.'   If he knew those allegations to be
true, he must have known of the pendency of the
action, as the sole object of that agreement was to post-
pone the pending foreclosure.   The object of notice to
a purchaser pending the action is to give him an oppor-
tunity of being substituted as a party thereto under
section 385 of the Code of Civil Procedure, and thus
to conserve his rights, or he may permit the action to
continue in the name of the grantor, but, in either event,
he is equally bound by the judgment with his grantor.

"Appellant further contends that neither he nor his
grantor, William F. Lewis, are bound by the judgment,
for the reason that the latter was served with an alias
summons, which issued more than one year after the
original summons.   Section 408 of the Code of Civil
Procedure, which provides for an alias summons, con-
tains the proviso 'that no such alias summons shall be
issued after the expiration of one year from the date of
the filing of the complaint.'   The complaint having
been filed December 1, 1892, and the alias summons
not having been issued until February 14, 1894, was
not in time.   But under section 416 of the Code of Civil
Procedure, 'the voluntary appearance of a defendant is
equivalent to personal service of the summons and copy
of the complaint on him.'   When defendant William
F. Lewis appeared, demurred to the complaint, and filed

an answer thereto, the court acquired jurisdiction of his person thereby, and, whether there was or was not a valid summons or any summons, in the case, was of no moment. It is true that appellant made a showing of mistake in answering, and that he supposed the summons was valid when he appeared in the case, etc. This was proper in his motion to set aside the judgment, which motion, it seems, was denied and an appeal taken from the order. But that appeal was dismissed. In the present appeal the judgment, being fair on its face, and which on the judgment-roll the court had authority to render, cannot be collaterally attacked for mere voidable error which can only be reached by appeal from the judgment or proceedings aimed at its existence subsequent to the rendition thereof. 'It is a doctrine of law too long established to require the citation of authorities, that where a court has jurisdiction it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding on every other court.' (*Peck* v. *Jenness*, 7 How. 612, 624.)

"The order appealed from should be affirmed."

Thereafter, upon appellant's motion and showing that the order of submission had been improvidently made, and that he had been deprived of the opportunity orally to argue his case, the judgment was vacated, the order of submission set aside, and the cause was orally argued before the court in Bank and submitted.

After due consideration we are satisfied that the opinion heretofore rendered in Department is sound.

For the reasons therein set forth the order appealed from is affirmed.

BEATTY, C. J., did not participate in the foregoing decision.