[S. F. No. 2853.   Department One.—January 18, 1904.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. LEON H. COCHRAN et al., Defendants; FRANK C. CLARK, Appellant.

FORECLOSURE OF MORTGAGE—PARTIES—UNRECORDED DEED—LIS PENDENS —REPRESENTATION OF GRANTEE BY MORTGAGOR.—A grantee of the mortgagor who holds an unrecorded deed made prior to the commencement of an action to foreclose the mortgage, in which a notice of *lis pendens* has been filed for record, and of which deed the plaintiff had no actual notice when the action was commenced, is not a necessary party to the action, and is bound by the decree rendered therein against the mortgagor, who fully represents the grantee for all the purposes of obtaining jurisdiction.

ID.—SUBSEQUENT KNOWLEDGE IMMATERIAL.—It is immaterial that subsequent to the commencement of the action it comes to the knowledge of the plaintiff that the mortgagor, prior or subsequent to the commencement of the action, conveyed the mortgaged property to another. The situation is determined by the condition of affairs at the time of the commencement of the action.

ID.—JURISDICTION OF PERSON OF MORTGAGOR—VOLUNTARY APPEARANCE.—The voluntary appearance of the mortgagor at any time within three years after the commencement of the action gives jurisdiction of his person, and is equivalent to personal service of the summons and copy of the complaint upon him within that period.

ID.—RETURN OF SUMMONS—POWER OF COURT.—Notwithstanding the return of the summons and the fact that the clerk had lost power to issue an *alias* summons, the court had the power either to order the returned summons to be served, or to order a new summons to be issued for service.

ID.—RIGHTS OF PURCHASER—DEFENSE OF INTERESTS—SPECIAL APPEARANCE—MOTION TO VACATE AND DISMISS.—A purchaser holding an unrecorded deed *ante litem* has the same right as a purchaser *pendente lite* to appear and ask to be made a party defendant, for the protection of his interests; but by his course in appearing specially before judgment to move to vacate the appearance of the mortgagor and dismiss the action, he in effect declined to become a party; and his subsequent motion after judgment to vacate the judgment, and to set aside the default and appearance of the mortgagor, and to dismiss the action on the same grounds on which his former motion was made, was properly denied.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a judgment and to set aside a default and appearance of a mortgagor, and to dismiss an action. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

A. Boyer, for Appellant.

Tobin & Tobin, for Respondent.

ANGELLOTTI, J.—This is an appeal by one Frank C. Clark from an order denying his motion to vacate the judgment entered in favor of plaintiff in the above-entitled action, to set aside the default and appearance of defendant Cochran, and to dismiss the action.

The action was instituted by plaintiff on November 19, 1898, to foreclose the lien of two mortgages executed to it by defendant Cochran, against Cochran and defendant Metzger, a junior mortgagee.   Notice of *lis pendens* was regularly recorded on the same day. , Cochran had on September 1, 1898, conveyed the property covered by the mortgages to one Schnaittacher, but the deed to him was not placed of record until June 14, 1900, and, so far as appears, the fact of such conveyance was unknown to plaintiff.   On June 14, 1900, Schnaittacher conveyed the property to appellant, who placed his deed of record on the same day.   Neither Schnaittacher nor appellant was ever made a party to the action or applied to be made such.

Summons was duly issued in the action, and on November 22, 1898, returned unserved on Cochran.   No *alias* summons was issued, but on July 23, 1900, Cochran voluntarily filed his written appearance.

Thereupon, on August 29, 1900, appellant appeared specially, for the purpose of moving to set aside such appearance of Cochran and for a dismissal·of the action, which motion was on November 30, 1900, denied.

On January 17, 1901, the default of Cochran was regularly entered, and upon his default and the answer and cross-complaint of defendant Metzger judgment of foreclosure was entered February 2, 1901, as prayed for in the complaint and cross-complaint.

On March 12, 1901, appellant gave notice of the motion, from the order denying which this appeal is taken.

The grounds upon which this motion would be made, as well as the motion made prior to judgment, as specified in the respective notices, were substantially that Cochran was never served with summons, that he did not appear in the action until after he had parted with all his interest therein, and that such appearance was made at a time when he could not have been served with a valid summons under the provisions of sections 408 and 581 of the Code of Civil Procedure, or at all, the claim in this connection being that he could not under such circumstances by a voluntary appearance give the court jurisdiction to enforce the lien of the mortgages against property in which he no longer had any interest. ·

There is not the slightest pretense that appellant, as the successor in interest of the mortgagor to the mortgaged property, had any defense, legal or equitable, to urge against the enforcement of the mortgage liens, or that plaintiff obtained anything by the foreclosure decree to which it was not justly entitled upon its mortgages.

Something is said about plaintiff having itself procured the appearance of Cochran at a time when it had knowledge of the deed executed by him, but, conceding this to be true, we deem it entirely immaterial to the determination of the question presented by this appeal.

Schnaittacher, the grantee by deed made prior to the commencement of the action, was not a necessary party defendant, for his deed had not been recorded when the action was commenced, and the plaintiff had no actual notice of such conveyance. The statute relating to actions for the foreclosure of mortgages expressly provides that such a grantee need not be made a party, and that the judgment in such an action is "as conclusive against the party holding such unrecorded conveyance or lien as if he had been a party to the action." (Code Civ. Proc., sec. 726.)

So far as the records showed, Cochran and Metzger were the only proper parties defendant. An action to foreclose a mortgage having been regularly commenced against all necessary parties, and notice of *lis pendens* recorded, the court obtains complete jurisdiction to enforce the mortgage lien against the mortgaged property, so far as all persons claiming under the mortgagor are concerned, by obtaining jurisdiction of the persons of the original defendants. It can make no difference, in this connection, that, subsequent to the commencement of the action, it comes to the knowledge of the plaintiff that the mortgagor prior or subsequent to the commencement of the action, conveyed the mortgaged property to another. The person who purchases prior to the action, subject to the mortgage, and who fails to record his deed prior to the commencement of the action, and of whose interest the mortgagee has no notice at the time he commences his action, never can become a necessary party, in the sense that it is necessary to bring him in, in order that a foreclosure decree effectual against him may be rendered. The situation as to him in this

regard is determined by the condition of affairs at the time of the institution of the action. For all purposes of obtaining jurisdiction the mortgagor fully represents him. Those who acquire the property subsequent to the commencement of the action, in the face of the recorded *lis pendens,* or with actual notice of the suit, are of course not necessary parties. (*Hibernia Sav. and Loan Soc.* v. *Lewis,* 117 Cal. 577, 580.)

Jurisdiction of the persons of the original defendants may be acquired by service of summons or by their voluntary appearance at any time within three years of the commencement of the action. (Code Civ. Proc., secs. 416, 581.) It appears to be conceded that if summons had been regularly served upon Cochran, there would be no question as to the jurisdiction of the court. It is urged, however, that a defendant who has parted with his interest in the property cannot give an appearance that will bind his successor in interest, without the consent of such successor. But "the voluntary appearance of any defendant is equivalent to personal service of the summons and copy of the complaint upon him." (Code Civ. Proc., sec. 416.) Whatever jurisdiction is acquired by service is therefore acquired by a voluntary appearance. It was expressly held by this court in *Hibernia Sav. and Loan Soc.* v. *Lewis,* 117 Cal. 577, 580, against a purchaser *pendente lite,* that the court acquired jurisdiction of a mortgagor by reason of his voluntary appearance made nearly three years after the commencement of the action, and at a time when he had conveyed the mortgaged property to the appellant. In that case, as in this, the time for the issuance of an *alias* summons by the clerk had expired before the appearance, and practically the same contention was there made by the purchaser *pendente lite* as is here made for the purchaser *pendente lite* from the purchaser *ante litem.* That case fully answers the contention of appellant upon the question of jurisdiction.

It is urged that such an appearance will not be effectual if made at a time when the court could not acquire jurisdiction over the defendant by service of process, and that the original summons having been returned and no *alias* summons issued by the clerk within a year (Code Civ. Proc., sec. 408), the defendant could not longer be legally served. The weakness

of appellant's contention in this behalf lies in the fact that the summons could be served at any time within three years from the commencement of the action, and that, notwithstanding the fact that an *alias* summons could not be issued by the clerk (Code Civ. Proc., sec. 408), it was within the power of the court either to order the summons that had been returned to be served upon Cochran or to issue a new summons for that purpose. (*Rue* v. *Quinn*, 137 Cal. 651, 657.) It is therefore unnecessary to determine what the situation would have been if jurisdiction could not at the time of the appearance have been acquired by service of process.

We have examined the various cases cited by appellant, and find that they in no degree sustain his contention. It is not to be doubted that a purchaser *pendente lite* is entitled to be heard, if he so desires, in order that he may protect the property he has acquired against any improper claim, and doubtless any stipulation in fraud of his rights entered into by his grantor and the other parties to the action, or any judgment obtained by fraud, could be successfully attacked by him. It may be assumed that the purchaser *ante litem,* whose conveyance was not of record, has the same rights that one who acquires *pendente lite* possesses. In a foreclosure proceeding such purchasers could probably on their application, be made parties defendant, and thus be enabled to fully protect their interests. These, however, are not matters going to the jurisdiction of the court to render a valid foreclosure decree, and are in no way involved in this case.

No application was ever made by appellant to be made a party, or to be allowed to, in any way, participate in the action. With full actual knowledge of the proceeding, shown by his special appearance therein before judgment, for the purpose of obtaining a dismissal, and with full opportunity to protect his interests, he has never intimated that plaintiff did not have a valid lien upon the property for the full amount claimed by its complaint, or that his interest in the property is not subject to plaintiff's claim. Appearing specially before judgment for the sole purpose of moving to set aside the appearance of Cochran and for a dismissal of the action, he, in effect, declined to be made a party. His motion made at that time was entirely without merit, and his subse-

quent motion to set aside the judgment and dismiss the action, made upon the grounds urged on the previous motion, was properly denied.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.