(December 2, 1909.)

P. W. HARDING, Respondent, v. JOB HARKER, Appellant.

[105 Pac. 788.]

WRIT OF ASSISTANCE—JURISDICTION OF THE COURT—AGAINST WHOM TO ISSUE.

1. Under the provisions of sec. 4520, Rev. Codes, "No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

2. Under this statute, it is presumed that the mortgagor will represent the interests of the grantee of an unrecorded conveyance in a suit to foreclose a mortgage on the premises conveyed; and the same presumption would arise where the grantee is made a party, that he would represent the interests of a person holding an unrecorded conveyance from such grantee.

3. Under this statute, where the court acquires jurisdiction of the mortgagor in an action to foreclose a mortgage, the court also acquires jurisdiction of all persons who hold unrecorded conveyances or contracts from the mortgagor, so as to conclude such persons by the judgment entered in the foreclosure proceeding; and in like manner, where the court acquires jurisdiction of a grantee of a mortgagor, the court also acquires jurisdiction of all persons who hold unrecorded conveyances or contracts with such grantee of the

mortgagor, so as to conclude such persons by the judgment of fore-
closure.

4. The writ of assistance is the appropriate remedy to place in
possession the purchaser at a foreclosure sale, and may be issued
against any and all persons concluded by such judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial
District, for the County of Bingham. Hon. J. M. Stevens,
Judge.

An application for a writ of assistance in foreclosure pro-
ceeding. From the order granting such writ, the defendant
appeals. *Affirmed.*

B. J. Briggs, for Appellant.

"Writ can only issue against the defendants in the suit and
parties holding under them, who are bound by the decree."
(*Burton v. Lies,* 21 Cal. 87; *Gelpeke v. Milwaukee & Horicon
R. Co.,* 11 Wis. 454.) "The writ will not be granted against
a person in possession of premises sold under a decree ren-
dered in a suit to which he was not a party, where his pos-
session began before the commencement of the suit." (*Gil-
creest v. Magill,* 37 Ill. 300.)

"A question of legal title will not be tried on an appli-
cation for the writ, nor will it be granted in cases of doubt."
(*Barton v. Beatty,* 28 N. J. Eq. 412.)

"Questions of equity will not be litigated between the
plaintiff and persons in possession of the land, not parties on
motion for the writ." (*Henderson v. McTucker,* 45 Cal. 647;
*Langley v. Voll,* 54 Cal. 435; *Brush v. Fowler,* 36 Ill. 53, 85
Am. Dec. 382.)

"When it appears from the record that the moving party
has not placed his deed on record, he is not a necessary party
to the action under the provision of sec. 4520, R. S. of 1887,
and his motion to set aside order granting writ will be de-
nied." (*Mills et. al. v. Smiley,* 9 Ida. 317, 76 Pac. 783.)

E. M. Holden, and Harry Holden, for Respondent, cite no
authorities.

STEWART, J.—On March 22, 1900, Thos. A. Harris and Blanche B. Harris, his wife, executed and delivered to the American Mortgage Company of Scotland a mortgage upon the real property involved in this action. On February 12, 1906, proceedings were commenced to foreclose said mortgage, and service, was made upon Joseph Squibb, Rickie Squibb, Kate Johnson, Marion Louise Johnson, Catherine Lucile Johnson and Fred L. Huston, administrator of the estate of D. O. Johnson, deceased. A decree of foreclosure was entered in said suit, the property sold under such decree to Clency St. Clair, and after the expiration of the period of redemption a sheriff's deed was made to St. Clair for said property. Thereafter, on July 2, 1907, St. Clair conveyed said property to P. W. Harding, the petitioner in this case. On February 27, 1909, P. W. Harding made application to the district court in and for Bingham county for a writ of assistance, putting said Harding into possession of said premises and ousting Job Harker, who was then in possession of said premises. This appeal is from the order of the district court granting the writ of assistance as prayed for in the petition of P. W. Harding.

Upon the hearing of the application for the writ of assistance, oral evidence was tendered upon behalf of the defendant, from which it appears that the defendant went into possession of the premises in February, 1905, and that he has been in possession ever since; that he went into possession under a contract to purchase said premises made with one C. O. Janson, who had a contract with Joseph Squibb; that the contract has never been recorded. Harker further testified that he had a conversation with Squibb after he made the contract with Janson, and Squibb said it was all right; that he was informed that the deed was ready and was shown the deed, but that he never got it or placed it upon record.

It is the contention of the appellant that Job Harker was in possession of the premises involved, under a claim of ownership, at the time and prior to the commencement of the proceedings to foreclose the mortgage; and not having been made a party to such proceedings, that the court was without

jurisdiction to oust Harker from his possession of said premises by virtue of a writ of assistance.

It will thus be observed that Job Harker was not a party to the foreclosure proceeding or the decree entered in said cause. He was, therefore, in no way bound or concluded by such decree unless by reason of the provision of Rev. Codes, sec. 4520, which makes such decree conclusive as to him, under the particular facts of this case. This section provides: "No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the commencement of the action, need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

It appears that Harker claims an interest in the land in controversy by reason of a contract for the purchase of the same, made with one C. Q. Janson under some contract or arrangement with Joseph Squibb. It was admitted by counsel for both parties, upon the oral argument, that Joseph Squibb was the grantee of Harris, the mortgagor. If Joseph Squibb was the grantee of the mortgagor and had held an unrecorded conveyance of said property, under the provisions of the statute above quoted, it would not have been necessary to make Squibb a party defendant, and he would have been concluded by the judgment as effectually as though he had been made a party defendant. It appears, however, that Squibb was a grantee of the mortgagor and was made a party defendant, and Harker was a grantee or held a contract of conveyance from Squibb, who was made a party defendant. Harker then stood in the same relation to Squibb that Squibb would have borne to Harris had Squibb's conveyance been unrecorded, in which case the judgment would have been conclusive as to Squibb; and there can be no reason why it should not be conclusive as to Harker, the grantee of Squibb. The very reason why the statute makes conclusive a judgment as to one holding an unrecorded conveyance from the mort-

gagor applies also where a person holds an unrecorded conveyance from the grantee of the mortgagor.

Under this statute, it is presumed that the mortgagor would represent the interests of the grantee, and the same presumption would arise where the grantee is made a party that he would represent the interests of a person holding an unrecorded conveyance from such grantee. When the foreclosure proceeding was commenced the mortgagee had no notice that Squibb had parted with title or contracted to sell the property. There was nothing upon the record showing that Harker had or claimed any interest in the property covered by the mortgage. An examination of the record disclosed that the mortgagor had passed title to Squibb, but further than that there was nothing to indicate that anyone holding under Squibb claimed any title or interest in the property in controversy. Under this statute the court, having acquired jurisdiction of Squibb, acquired jurisdiction also of all persons who held unrecorded conveyances or contracts from Squibb, in so far as to conclude such persons by the foreclosure proceedings; and while it is true that Harker was not formally named in the foreclosure suit, yet under this statute he is concluded by the judgment, under the facts of this case. In the case of *Hibernia Savings & Loan Society v. Cochran,* 141 Cal. 653, 75 Pac. 315, in discussing this question, the court said:

"The person who purchases prior to the action, subject to the mortgage, and who fails to record his deed prior to the commencement of the action, and of whose interest the mortgagee has no notice at the time he commences his action, never can become a necessary party, in the sense that it is necessary to bring him in, in order that a foreclosure decree effectual against him may be rendered. The situation as to him in this regard is determined by the condition of affairs at the time of the institution of the action. For all purposes of obtaining jurisdiction the mortgagor fully represents him."

If, then, Harker was concluded by the judgment of foreclosure, the writ of assistance is the appropriate remedy to

place in possession the purchaser at the foreclosure sale under such judgment. (*Hibernia Savings etc. Society v. Lewis,* 117 Cal. 577, 47 Pac. 602, 49 Pac. 715; 4 Cyc. 290, 291; 2 Ency. Pl. & Pr. 795; *Burton v. Lies,* 21 Cal. 88; *Kirsch v. Kirsch,* 113 Cal. 56, 45 Pac. 164.)

Judgment *affirmed.* Costs awarded to *respondent.*

Sullivan, C. J., and Ailshie, J., concur.