[Civ. No. 2240.   First Appellate District.—December 10, 1917.]

BELLINGHAM BAY LUMBER CO. (a Corporation), Respondent, v. WESTERN AMUSEMENT CO. (a Corporation), et al., Defendants; RUDOLPH SPRECKELS, Appellant.

MECHANIC'S LIEN—FORECLOSURE—PARTY AGGRIEVED—RIGHT OF APPEAL. In an action to foreclose a materialman's lien, the owner of the property when the materials were furnished and the claim of lien filed, but who subsequently conveyed all his interest in the property, and against whom no judgment for costs was rendered, is not a party aggrieved who has the right of appeal from the judgment under section 938 of the Code of Civil Procedure.

ID.—RIGHT TO COSTS.—In an action to foreclose a materialman's lien, a defendant who was the owner of the property at the time the materials were furnished and the claim of lien filed, but who had subsequently conveyed his interest in the property, is not entitled to his costs where he contested the right of plaintiff to his lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John L. Childs, Judge Presiding.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, and Nathan Moran, for Appellant.

William M. Cannon, for Respondent.

RICHARDS, J.—This is an action to foreclose a material-man's lien. Rudolph Spreckels was the owner of the property sought to be impressed with the plaintiff's lien at the time of the erection of the building for which the plaintiff's materials were supplied to the Western Amusement Company, a sub-lessee of said Spreckels, by whom the building was being erected. On March 30, 1908, the plaintiff filed its claim of lien against the building and premises for material furnished by it. On April 13, 1908, Rudolph Spreckels conveyed the property affected by said lien to the Realty and Rebuilding Company, a corporation, the deed evidencing such conveyance being recorded on May 11, 1908. On June 27, 1908, this action was commenced for the foreclosure of said lien. In the complaint then filed Rudolph Spreckels was made one of the parties defendant, and was alleged to be the owner in fee of the premises subject to the plaintiff's lien. On February 15, 1909, an amended complaint was filed in which the same averments appear. The Realty and Rebuilding Company was not made a party by name in either of these complaints, but several fictitious names were given as defendants, with the usual averment and prayer that as the true names of said defendants were discovered they might be inserted with proper averments in the complaint. On April 30, 1909, the defendant Spreckels filed his answer to the amended complaint wherein, after denying practically all of its other averments, he also denied that he was the owner of the premises in question subsequent to the twenty-third day of April, 1908, upon which date he alleged that he conveyed all of his right, title, and interest in the said premises to the Realty and Rebuilding Company. On June 19, 1911, the Realty and Rebuilding Company was served with summons in the city and

county of San Francisco under the name of "First Doe," one of the fictitious defendants. On July 10, 1911, the cause came on for trial, Rudolph Spreckels and certain other defendants appearing, but the Realty and Rebuilding Company not appearing, the time for its appearance having expired and its default having been entered, and the cause was tried upon all of the issues raised by the answers of the several defendants who had appeared, including Rudolph Spreckels. At the conclusion of the trial the court filed its findings wherein it found that the plaintiff was entitled to the foreclosure of its lien against all of the defendants, but also specifically found that the defendant Rudolph Spreckels had conveyed all of his interest in the property to the Realty and Rebuilding Company on April 23, 1908. In its judgment following said findings the court rendered no judgment against Rudolph Spreckels except in so far as he might be affected by the general statement in said judgment that the claims and interests of all of the defendants in said property were subject and subordinate to the plaintiff's lien. No judgment for costs was awarded against said Spreckels; neither did the court award him costs against the plaintiff. From this judgment the defendant Spreckels prosecutes this appeal.

We are unable to perceive how the appellant herein is a party aggrieved by the judgment in this case so as to entitle him to prosecute this appeal. As to the issues tendered by his answer with respect to the validity of the plaintiff's lien and to a right to its foreclosure of the same, the defendant Spreckels has no interest in these injuriously affected by the judgment in view of his averment and of the court's finding that he had conveyed away all of his interest in the property prior to the commencement of the action. The appellant's right, if any, to prosecute this appeal is thus reduced to the single contention that the trial court should have awarded him his costs, and that not having done so he is a party aggrieved to that extent, and hence entitled to appeal.

This contention is based upon the claim that the judgment was in his favor as to his nonownership of the property at the time of the commencement of the action. But this was not a material issue in the case except as it might possibly have affected the right of the plaintiff to recover his costs against this particular defendant. The action was one for the impressment of a materialman's lien upon the property regard-

less of its ownership, and for a judgment declaring such lien to be superior to the claims or interests of each and all of the defendants. Upon these issues the court found fully in the plaintiff's favor, and such finding and the judgment which followed it can in no sense be deemed a judgment in favor of the appellant herein. The case of *Martin* v. *Porter*, 84 Cal. 476, [24 Pac. 109], cited by the appellant in support of his contention, is not analogous to the case at bar, for in that case the ownership of the property was the only issue involved in the action, and the defendant having filed a disclaimer as to such ownership, and the facts showing that he was not the owner thereof at any time, and hence should not have been made a defendant at all, the court on appeal rightly held that the defendant should have been awarded his costs by the trial court. But in the instant case the defendant Spreckels was admittedly the owner of the property at the time the plaintiff's materials were furnished and at the time its claim of lien was filed. He was therefore a proper party to the action, even though subsequent to the filing of the plaintiff's claim of lien he had undertaken to convey to another his interest in the premises; for as to him as well as to his transferee the plaintiff was entitled to a judgment establishing the validity and superiority of his lien. The judgment herein did this, and hence was not in the defendant Spreckels' favor except in so far as it did not award costs against him, which it might well have done in view of the fact that the defendant Spreckels was not content to file or rest upon a disclaimer, but put in issue in his answer and actively contested at the trial the right of the plaintiff to his lien upon the premises and to any judgment in its favor for its foreclosure. Under such conditions he was clearly not entitled to a judgment in his favor even for his costs. We find, therefore, no merit in this appeal, nor any right in the appellant as an aggrieved party under the terms of section 938 of the Code of Civil Procedure to take or to prosecute the same.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1918.