[Civ. No. 19692. First Dist., Div. One. July 26, 1961.]

JAMES D. RILEY et al., Respondents, v. ROBERT W. PETERS et al., Defendants; SARAH T. LIPKIN et al., Appellants.

Eugene K. Lawlor for Appellants.

M. J. Rankin for Respondents.

TOBRINER, J.— This appeal from a judgment quieting title to real property raises the single issue whether appellants, holders of mechanics' liens on the property, who have failed in their lien foreclosure actions to join as parties the trustee under a deed of trust or to join the subsequent owners under that deed, can prevail over such owners after the expiration of the statutory period for foreclosure of the liens. We believe that such failure precludes appellants from claiming priority over such owners, the respondents in this action.

After foreclosure of a deed of trust, recorded June 20, 1957, the trustee executed and delivered to respondents on June 2, 1959, a trustee's deed which was recorded on June 4, 1959. Prior to the June 20th date, appellants, and other defendants, had furnished materials and commenced construction work on the involved property. Appellants and the other named defendants filed separate claims of lien and obtained judgments against the then owners for the materials furnished and work performed on the property. Appellants did not join either respondents or the trustee under the deed of trust as parties to any of the actions to foreclose their mechanics' liens. None of the judgments have been paid and the "time for filing an action by the mechanic's lien claimants . . . for the foreclosure thereof as against the . . . [respondents] has expired."

Respondents brought this action to quiet title to the property as against appellants and the other defendants; the trial court rendered judgment for respondents.

As to mechanics' liens, section 1188.1 of the Code of Civil Procedure provides in part as follows "The liens provided for in this chapter . . . are preferred to any lien, mortgage, deed of trust, or other encumbrance . . . which may have attached subsequent to the time when the . . . improvement . . . in connection with which the lien claimant has done his work or furnished his material was commenced. . . ." Section 1198.1 concerns the duration of liens and states: "No lien . . . binds any property for a longer period than 90 days after the same has been filed . . . unless within that time, proceedings to enforce the same be commenced in a proper court." (As amended Stats. 1959, ch. 1176, p. 3261, § 1.)

The parties concede that since appellants had commenced work prior to the recording of the deed of trust, appellants' liens prevail over the deed of trust through which respondents obtained their interest. The sole issue, therefore, may be thus stated: Is commencement of an action against only the owner, and not also against the trustee or the subsequent holder under

a deed of trust, effective under section 1198.1 to preserve the lien and to prevail over the rights of interested persons who have not been named as parties?

*Paramount Securities Co.* v. *Daze* (1933), 128 Cal.App. 515 [17 P.2d 1049], conclusively determines this issue. There the defendants in an action to quiet title had failed to join either the trustee or the beneficiary of the recorded deed of trust as a party in the foreclosure action on a materialman's lien. The court weighed whether section 1190 of the Code of Civil Procedure (comparable to the present § 1198.1), which provided that no lien bound any property " 'for a longer period than ninety days' " after its filing, unless proceedings were commenced in a proper court within that time, "should be construed to mean that in order to perfect the lien as against the interest of a particular person . . . proceedings must be commenced against such person within ninety days, or whether it is sufficient to perfect the lien as against all persons that proceedings be brought against some one or more persons" within the period. (P. 516.) After analyzing at length similar statutes and interpretative decisions of other states, the court concluded that, as against plaintiff, defendant's lien "was barred by the running of the statutory period within which an action could be brought to foreclose its materialman's lien." (P. 522.)

As the writer in 21 California Law Review (1933), page 624, states, the court holds "that a junior encumbrancer is entitled to dispute and has an interest in contesting the amount, the validity, and the priority of the lien claimed for labor and material, and must be accorded this opportunity within the time provided by the statute while the evidence upon which the lien claim rests is sufficiently recent, or else be allowed to plead the bar of the statute of limitations." (P. 625.)

In the instant case appellants, the lienholders, failed to name respondents, interested parties, in their foreclosure actions; as of the date of the filing of this action the 90-day period for commencing a foreclosure action on the liens had long before expired. Under the *Paramount Securities* case, as against respondents, appellants' liens cannot surmount the bar of the statute.

Appellants' only argument rests upon the language of *Dockrey* v. *Gray* (1959), 172 Cal.App.2d 388 [341 P.2d 746], that: "Appellants' final contention is that they were not joined in the respondent's suit to foreclose his lien against the trustors. Appellants fail to point out how this fact would affect the

validity of the judgment involved herein. *It is true that a judgment in a foreclosure suit wherein all of the interested parties are not joined has no effect upon the rights of the parties not joined.* However, a failure to join such parties in no way improves their rights." (P. 392; emphasis added.)

In *Dockrey,* the appellant association, which was the beneficiary under the deed of trust, paid $800 to the respondent plumbing contractor "in part payment for work in progress." (P. 390.) Thereafter the association "recorded an agreement to make a $1,500 advance to trustors. . . . [A]t the time the advancement was made the association had actual notice of respondent's lien rights." (P. 390.) The court stated the issue to be whether the appellants "under their voluntary advancement, are entitled to the surplus arising at the trustee's sale over the original amount secured by the first deed of trust, or whether respondent is entitled to such surplus." (P. 390.) The original trust deed had been in the amount of $8,000 plus costs and interest; the trustee sold the property for $9,600.

The court explicitly stated: "There can be no doubt but that *by virtue of appellants' actual notice of respondent's lien rights* the voluntary advance made by appellants was an encumbrance junior in priority to that of respondent's mechanic's lien. [Citing cases.]" (P. 390; emphasis added.) Despite such notice the junior equity holders did not intervene or attempt any enforcement of their rights in the foreclosure action of the mechanic's lienholder. Indeed, the junior equity holders conceded that the mechanic's "lien had priority as against the property," but argued "that such priority does not extend to the surplus realized at the sale." (P. 390.) The appellate court rejected that argument, quoting from *Markey* v. *Langley* (1875), 92 U.S. 142 [23 L.Ed. 701], to the effect that the " 'lien attached to the proceeds of the sales in the same manner, in the same order, and with the same effect, as they bound the premises before the sales were made.' " (P. 391.)

*Dockrey* does not pass upon the same point as *Paramount Securities. Dockrey* holds only that the mechanic lien holder's rights continue in force as to the assets of a foreclosure sale of the property against junior equity holders who *had prior notice of the lien rights.* The fact that the *Dockrey* court pointed out that the failure to join the equity holders in the foreclosure suit "in no way improves their rights" (p. 392) does not affect the instant case. There is no showing, here, that respondent equity holders had prior notice of the me-

chanics' lien rights. Respondents had no opportunity to intervene or assert their rights in the foreclosure action of the mechanics' lien holders. Thus, unlike the *Dockrey* situation the foreclosure action, here, could not affect the property rights of the junior equity holders who were ignorant of the existence of the lien and who were not joined as parties in the action.

The court in *Dockrey* certainly did not intend to overrule sub silentio *Paramount Securities*. The briefs of the parties in *Dockrey* reveal that the appellants there presented the *Paramount Securities* case to the court; the court restated the principle of that case but concerned itself only with the main issue of whether a mechanic's lien priority extended to the proceeds of a sale in a situation in which the junior equity holders had notice of the mechanic's lien prior to the foreclosure sale.

The *Paramount Securities* case controls the instant issue and defeats appellants' contentions.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.