[Civ. No. 21784.   First Dist., Div. Three.   Oct. 7, 1964.]

ROBERT E. KANE, Cross-complainant and Appellant, v. LOUIS HOZZ et al., Cross-defendants and Respondents.

ROBERT E. KANE, Plaintiff and Appellant, v. LOUIS HOZZ et al., Defendants and Respondents.

(Consolidated Cases.)

Lawrence E. Wright for Cross-complainant and Appellant and Plaintiff and Appellant.

William G. Corrigan and Bagshaw, Martinelli, Weissich & Jordan for Cross-defendants and Respondents and Defendants and Respondents.

· DEVINE, J.—The question is whether appellant's alleged cause of action on a mechanic's lien is barred by the statute of limitations.

## Facts.

Appellant is a civil engineer. He performed engineering services for the subdivision of a parcel of land for one Saunders, who was the owner, valued at $4,289.05, of which $1,850.59 is unpaid. Appellant has judgment against Saunders, who is not a party to this appeal. He sought judgment enforcing a mechanic's lien against the proceeds of a sale under a deed of trust, but did not succeed because of the limitations statute.

The work was commenced January 7, 1956, and was completed September 30, 1958. Mechanic's lien was filed October 30, 1958. Suit to foreclose the lien was filed December 18, 1958. Saunders was named defendant in the action, but respondents were not. Respondents were named for the first time in litigation relevant to appellant's claim in a cross-complaint to a quiet title action, on January 25, 1962, about three and a half years after completion of the work. On March 20, 1962, appellant filed a complaint, essentially the same as his earlier cross-complaint, against respondents.

Respondents' first connection with the property on which appellant's engineering work was done was on April 27, 1956, when they became beneficiaries on a deed of trust from Saunders to secure a note in amount of $54,250.06. Respondents made a loan to Saunders for $50,000 to provide funds for building of a street, the loan being concluded on December 4, 1956. On December 23, 1958, respondents caused notice of default by Saunders to be recorded, and they bought the property at a trustee's sale on April 23, 1959, on a credit bid of $50,341.93. They sold the property to persons who are not parties to this litigation later in 1959 for $42,000.

These facts, found by the trial court, are not presently challenged: (1) When respondents took their deed of trust in April, 1956, they knew that engineering services were being rendered to Saunders for the benefit of the property, but they

did not know who was rendering them. They learned that the person was appellant on August 10, 1956. They did not know whether or not appellant had been paid for his services until recordation of the notice of default on December 23, 1958. (2) Respondents had lent $50,000 and the costs of sale were $495. From Saunders they were repaid $17,366.99, and from the sale of the property, $42,000, a total of $59,366.99 But this sum ($9,366.99 in excess of the original outlay) does not include interest. Interest at 10 percent, as provided in the note, would amount to more than the $9,366.99.

### Contentions of Parties.

■ Appellant claims that his lien should attach to the proceeds of the sale under the deed of trust. Respondents contend that his claim, if any, is barred by section 1198.1 (one year from completion of the work), and section 339 (two years on an obligation not founded on a written instrument) of the Code of Civil Procedure. In reply to this, appellant argues that the applicable limitations statute is section 343 of the Code of Civil Procedure, the general four-year statute for actions not otherwise provided for.

### Law.

Three cases must be analyzed in order to arrive at our decision. In *Paramount Securities Co.* v. *Daze,* 128 Cal.App. 515 [17 P.2d 1049], it was held that a mechanic's lien claimant must commence an action within 90 days of filing the lien against a junior encumbrancer, or he is barred as against the latter's rights. Commencement of action against other persons does not cut off the running of the statute in favor of the junior encumbrancer. At that time, the statute was section 1190 of the Code of Civil Procedure, but on revision of the Mechanic's Lien Law in 1951 the substance was carried into section 1198.1 of the same code. The argument had been made that a mortgagee had no right to question the amount or validity of the mechanic's or materialman's lien, because this would be done in the suit between the claimant and the owner alone, and that the mortgagee could be interested only in the date or relative dignity of the lien. The court rejected this argument and held that the mortgagee has the right to contest the lien while the evidence is still fresh, and that he may invoke the statute of limitations if the action is not commenced *as against him* within the statutory period.

Appellant seeks to avoid the effect of the *Paramount Securities* case by reference to *Dockrey* v. *Gray,* 172 Cal.App.2d

388 [341 P.2d 746]. In the *Dockrey* case, the lien claimant had clear priority over the beneficiary under a deed of trust. The beneficiary, a loan association, although not obliged under the deed of trust to make additional advances to its trustor, did advance additional sums, the association having full knowledge of the lien claimant's prior rights. The loan association also advanced moneys directly to the lien claimant for additional work. The lien claimant, a plumbing contractor, sought judgment for the amount of his lien against the owner only. Later, sale having been made under the deed of trust and a surplus over the amount secured having been obtained, the lien claimant brought an action to reach the surplus. The loan association appealed from judgment in favor of the lien claimant, arguing that the claimant's priority does not extend to the surplus after sale under deed of trust. On appeal the judgment was affirmed, the court holding that by operation of equity the mechanic's lien attaches to the proceeds in the same manner as it did to the property.

The *Dockrey* case is readily distinguishable from the one before us: (1) The statute of limitations was not an issue in *Dockrey*. That case was decided upon an agreed statement of facts in which the validity and the amount of the original mechanic's lien as it existed against the real property, were admitted. In the case before us, there is no such admission. Respondents stand upon the statute of limitations and assert that the passage of time (over three years from completion of the work) would make it difficult for them to assess the validity and amount of the claim. (2) In *Dockrey*, it was held that failure to join the beneficiary under the deed of trust in the suit to foreclose the mechanic's lien, a lien fully admitted as to validity and amount, did not *improve* the beneficiary's position, that is to say, the power of a court of equity to transfer the lien to the surplus was not diminished because of this failure to join the trust deed beneficiary. In the case before us, the creditor who was secured by the deed of trust does not admit the validity or amount of mechanic's lien, but stands upon the limitation in time expressed in section 1198.1 of the Code of Civil Procedure, as he has a right to do under the holding of the *Paramount Securities* case. (3) In *Dockrey*, there was a surplus to be reached, but in our case, the court found that, giving effect to allowable interest, the respondents suffered a considerable loss.

Finally, there is the case of *Riley* v. *Peters*, 194 Cal.App.2d 296 [15 Cal.Rptr. 41], which is claimed to be advantageous

by each of the parties. The *Riley* case directly holds that the *Paramount Securities* case was not overruled by *Dockrey,* and that where mechanics' lien holders fail to join parties claiming under a deed of trust in their lien foreclosure actions, the subsequent owners might have their title quieted as against the lien holders upon expiration of the 90-day period for commencement of lien foreclosure action. There is this distinction between the *Riley* case and our case: In *Riley,* there was no showing that respondent equity holders had prior notice of the mechanic's lien rights; in the present case, they knew that work had been performed and they knew the identity of appellant as the person performing the work before they made their loan to the owner. They did not know whether appellant had been paid until a few days before the sale under the deed of trust.

We find nothing, however, in *Dockrey* or *Riley* to compel a holding that a junior encumbrancer who knows of a prior mechanic's lien and of a suit to enforce it, must intervene in the suit when he is not made a party to it. So to hold would be to depart radically from all accepted theory and practice, that one need appear in a lawsuit only if he is made a party to it and served with process. Respondents, knowing of the lien suit and that they were not joined therein, would be entitled to assume that appellant chose to rely on the judgment which he might obtain, and actually did obtain, against Saunders. Even if they had been joined, the action would be subject to discretionary dismissal if it were not brought to trial within two years. (Code Civ. Proc., § 1198.1, subd. (a).) Actually, the original suit never has been brought against respondents, and they were first met with the lien claim in litigation more than three years after the original suit was brought. Of course, they could not move to dismiss the original suit for lack of prosecution within the two years, because they were not parties to it. We conclude that the trial court correctly ruled that the action was barred by the provisions of section 1198.1 of the Code of Civil Procedure.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.