[Civ. No. 8026. Fourth Dist., Div. One. Aug. 18, 1966.]

PACKARD BELL ELECTRONICS CORPORATION, Plaintiff and Appellant, v. THESEUS, INC., et al., Defendants and Respondents.

Gould, Magaram & Riskin and Ira D. Riskin for Plaintiff and Appellant.

Wenke & Pilskaln and Harold Pilskaln for Defendants and Respondents.

BRAY, J.*—In a foreclosure of mechanics lien action, plaintiff appeals from those portions of the judgment of foreclosure denying foreclosure of 42 out of 44 lots.

QUESTIONS PRESENTED

1. Can a mechanic's lien be foreclosed without joining parties who purchased the liened properties within 90 days of the recordation of the lien?

2. Can a mechanic's lien be foreclosed against parties who purchased the liened properties after foreclosure suit filed but before filing of a *lis pendens*?

3. Can a mechanic's lien be foreclosed without joining parties who purchased the liened properties prior to the recordation of the lien?

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

There is no conflict in the evidence, the facts being stipulated by the parties.

On September 28, 1962, plaintiff recorded a mechanic's lien against 44 lots in Orange County owned by defendant Theseus, Inc., for materials supplied to Valley Wood Products, a corporation, engaged in the construction of certain buildings on said lots. On December 17, plaintiff filed this action to foreclose said lien and on February 18, 1964, recorded a *lis pendens* thereof.

The court ordered foreclosure of one lot which was sold within 90 days of the recording of the lien and of a second lot which was sold after recordation of the *lis pendens*. Of the other 42 lots as to which the court denied foreclosure, 6 (referred to as Group A), were sold before suit was filed but within 90 days of the recordation of the lien; 34 (Group B) were sold more than 90 days after recordation of the lien and after suit filed, but before recordation of the *lis pendens*; 2 (Group C) were sold before the mechanic's lien was recorded; none of the buyers of any of these lots was joined in this action.

1. LOTS PURCHASED SUBSEQUENT TO FILING OF THE LIEN AND PRIOR TO SUIT. As to the six lots (Group A) which were purchased within 90 days of the filing of the lien and prior to suit, there can be no question but that they were subject to the lien. Section 1198.1, Code of Civil Procedure, provides, in effect, that a mechanic's lien binds the property liened for a period of 90 days after filing of the lien. The question presented here is whether the court was entitled to deny foreclosure because of the failure of plaintiff to join these purchasers in the foreclosure action. The only defendant in the action was Theseus, Inc., the owner of the properties on the date the lien was filed.

While the stipulation of the parties in the trial court dealt only with the dates of sale of the lots involved, and did not give the dates of recording of the respective deeds, it is apparent that the parties and the court considered the deeds as having been recorded as of the respective dates of sale. A stipulation has been filed in this court to that effect.

Plaintiff's contention that as Theseus was the owner of the property at the time of the recordation of the lien, the court could order foreclosure of that lien without joining the owners of the lots and then the question of the rights of these owners could be later threshed out in an action between them and the purchaser at the foreclosure sale, is well answered in *Riley* v.

*Peters,* 194 Cal.App.2d 296 [15 Cal.Rptr. 41], which holds, in effect, that under section 1198.1 of the Code of Civil Procedure, a mechanic's lien expires unless within 90 days of recordation of the lien suit is filed thereon against persons owning or holding encumbrances on the property.

In *Riley, supra,* the holders of mechanic's liens on certain property filed foreclosure proceedings against the then owners, but failed to join "as parties the trustee under a deed of trust or to join the subsequent owners under that deed." (P. 297.) Judgments of foreclosure were granted. Thereafter the subsequent owners brought action to quiet their title to the property joining the holders of the mechanic's liens. The court stated: "The sole issue, therefore, may be thus stated: Is commencement of an action against only the owner, and not also against the trustee or the subsequent holder under a deed of trust, effective under section 1198.1 to preserve the lien and to prevail over the rights of interested persons who have not been named as parties?" (Pp. 297, 298.)

There are two differences between the situation in *Riley, supra,* and the case at bench: (1) The deed of trust there was of record at the time of the filing of the mechanic's lien, while the purchases here were not made until after the filing of the lien. (2) The defendant there sued was the owner of the property and the persons omitted were the trustee and subsequent owners under the deed of trust, whereas in our case the defendant sued had no interest in the lots and the persons omitted were the true owners thereof. Just as in our case, the contention was made that the lien of a recorded mechanic's lien continued as to all interested persons, provided only that suit was filed within the 90-day period against the person owning the property at the time the lien was filed.

The court in *Riley, supra,* stated that: "*Paramount Securities Co.* v. *Daze* (1933) 128 Cal.App. 515 [17 P.2d 1049], conclusively determines this issue. There the defendants in an action to quiet title had failed to join either the trustee or the beneficiary of the recorded deed of trust as a party in the foreclosure action on a materialman's lien. The court weighed whether section 1190 of the Code of Civil Procedure (comparable to the present § 1198.1), which provided that no lien bound any property ' "for a longer period than ninety days" ' after its filing, unless proceedings were commenced in a proper court within that time, 'should be construed to mean that in order to perfect the lien as against the interest of a particular person . . . proceedings must be commenced

against such person within ninety days, or whether it is sufficient to perfect the lien as against all persons that proceedings be brought against some one or more persons' within the period. (P. 516.) After analyzing at length similar statutes and interpretative decisions of other states, the court concluded that, as against plaintiff, defendant's lien 'was barred by the running of the statutory period within which an action could be brought to foreclose its materialman's lien.' (P. 522.)

"As the writer in 21 California Law Review (1933), page 624 states, the court holds 'that a junior encumbrancer is entitled to dispute and has an interest in contesting the amount, the validity, and the priority of the lien claimed for labor and material, and must be accorded this opportunity within the time provided by the statute while the evidence upon which the lien claim rests is sufficiently recent, or else be allowed to plead the bar of the statute of limitations.' (P. 625.)

"In the instant case appellants, the lienholders, failed to name respondents, interested parties, in their foreclosure actions; as of the date of the filing of this action the 90-day period for commencing a foreclosure action on the liens had long before expired. Under the *Paramount Securities* case, as against respondents, appellants' liens cannot surmount the bar of the statute." (*Riley* v. *Peters,* 194 Cal.App.2d 296, 298 [15 Cal.Rptr. 41].)

Just as in the instant case, the contention was made that certain language in *Dockrey* v. *Gray* (1959) 172 Cal.App.2d 388 [341 P.2d 746], indicated that in the foreclosure of a mechanic's lien all interested parties need not be joined. The court distinguished the *Dockrey* case and stated: "The court in *Dockrey* certainly did not intend to overrule sub silentio *Paramount Securities.* . . . . The *Paramount Securities case* controls the instant issue and defeats appellants' contentions." (P. 300.) ▋ As said in *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265, 271, 272 [97 P. 516] :

" 'Though the lien of mechanics is purely the creature of the statute, a decree for the sale of the premises in its enforcement has the same and no greater effect upon the rights of purchasers and encumbrancers prior to the commencement of suit, than a similar decree would have upon the foreclosure of a mortgage. If such purchasers or encumbrancers are not made parties, they are in no respect bound by the decree or proceedings thereunder.' "

Plaintiff's suggestion that in this case the court could order foreclosure without giving the owners of the lots an opportunity to contest the amount, validity and priority of the claimed lien, does not make sense.

For the reason that the owners of the six lots against which foreclosure is sought are not before the court, and as to them the mechanic's lien has expired because suit against them was not filed in the 90-day period, we are not required to determine what would have been the situation as to priorities had such owners been joined in this action.

2. THE LOTS PURCHASED AFTER SUIT FILED AND PRIOR TO THE FILING OF THE LIS PENDENS (GROUP B), 34 LOTS.

In *Tulloh* v. *Boyce,* 37 Cal.App. 761 [174 P. 680, 177 P. 847], the court stated one question there presented precisely as we meet it in the instant case: "Does a party who in due time records a sufficient and valid mechanic's lien, have to record a notice of *lis pendens* upon the foreclosure of that lien in order to charge and hold the property against purchasers *pendente lite*?" (P. 762.)

In answering that question in the negative, the court quoted from the then section 1190, Code of Civil Procedure, which provided, as does section 1198.1 provide now, that liens provided for in the chapter in which the sections are found (this includes mechanic's liens) bind the liened property for 90 days "unless within that time proceedings to enforce the same be commenced in a proper court." The court then said: "By implication this provision plainly means that when proceedings to foreclose the lien are commenced within the time designated, the lien continues, rendering it unnecessary to file a notice of the pendency of the action." (P. 762.) Among other authorities discussed by the court is Boisot on Mechanic's Lien, section 593, page 620, which states: "It is not necessary, in the absence of express statutory direction, to file a notice of *lis pendens* in order to preserve the lien as against purchasers pending suit."

At the time of *Tulloh, supra,* there was no express direction in our mechanic's lien statutes requiring the filing of a *lis pendens* in a mechanic's lien foreclosure action. However, in 1953 (Stats. 1953, ch. 1402, § 1, p. 2996) section 1198.1, which in 1951 replaced section 1190 referred to in *Tulloh, supra,* was amended by adding to the clause requiring proceedings on the mechanic's lien to be brought within 90 days of its filing, the following: ". . . and a notice of pendency of such proceed-

ings be filed. . . ." In 1959 (Stats. 1959, ch. 1176, § 1, p. 3261) section 1198.1 was again amended by deleting the requirement that a notice of *lis pendens* be filed. At the same time, section 1198.2 was adopted (Stats. 1959, ch. 1176, § 2, p. 3261). This section provides: "After the filing of the complaint in the proper court, the plaintiff *may* file for record in the office of the recorder of the county or of the several counties in which the property is situated, a notice of the pendency of such proceedings. . . . Only from the time of filing such notice for record, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and in that event only of its pendency against parties designated by their real names."

In 1964, there came *State Shingle Co.* v. *Kaufman,* 227 Cal.App.2d 830 [39 Cal.Rptr. 196], in which the sole question on appeal was whether the mechanic's lien foreclosure action had been filed in a "proper court" within the 90-day period fixed by section 1198.1. There, the liened land was situated in El Dorado County. The action "for some undisclosed reason" (p. 832) was filed in Alameda County within the 90-day lien period, instead of in the proper county, El Dorado. A *lis pendens* was recorded in El Dorado County. Eleven months later, the action was transferred to the El Dorado Superior Court. The court held the transfer of the lawsuit to El Dorado County did not bring it back on target, nor could it be deemed to have been filed in that county as of the date it was filed in Alameda County and thus, not having been filed in the proper county within the 90-day period, the lien was unenforceable.

In discussing the problem, the court said: "The precise language of the statute is that the lien does not *bind* the property beyond 90 days unless the action is commenced within that time. In the light of that language, the apparent statutory objective is to 'unbind' the property at the end of 90 days, permitting owners, buyers, encumbrancers and title insurance companies to deal freely with the property in reliance upon expiration of the limitation period. Even though a lien claim may have been filed, the foreclosure suit may never be forthcoming, not because the supplier or subcontractor slept upon his rights, but because he was paid off after filing the claim. Persons dealing with the property are entitled to rely upon the record. They should not face the burden of examining court filings in superior and municipal courts in 57 California counties other than that in which the construction work has occurred. The lien statutes have not consistently demanded

a *lis pendens* and its recordation is now optional. (Code Civ. Proc. § 1198.2; Cal. Stats. 1959, ch. 1176; 32 Cal. Jur. 2d, Mechanics' Liens, § 122, pp. 750-751.) The search of the interested parties should be confined to one county only, that is, the county in which lies the property which is the subject of the lien claim. . . .

". . . Once the 90-day suit filing period has expired, the landowner, as well as the purchaser and encumbrancer, may rely upon the record in the county where the land is located. The meaning of the statute does not vary with the identity of the defendant." It is not clear, taking the opinion as a whole, what the court meant by saying, on page 835, that the recordation of a *lis pendens* "is now optional." This statement was clearly *obiter dicta*, as a *lis pendens* was recorded in the proper county although the foreclosure action was not.

The deletion, in 1959, from 1198.1 of the requirement that a *lis pendens* be filed is only part of the picture. The enactment at the same time of 1198.2, providing that purchasers and encumbrancers are not deemed to have constructive notice of the pendency of the action, shows that the deletion was made because the matter was covered in 1198.2, which in effect requires a *lis pendens* to be filed in order to give constructive notice to purchasers or encumbrancers pendente lite.

While 1198.2 says that the holder of the lien *may* file a *lis pendens,* making such filing appear to be optional, the next sentence requires that to affect a purchaser or encumbrancer a *lis pendens must* be filed in the county or counties in which the property is situated. Nevertheless, while the filing of the notice of *lis pendens* is necessary in order to impart constructive notice to a purchaser who acquired title after the filing of the foreclosure action such a purchaser may be bound by the decree of foreclosure if he had actual knowledge of the pendency of the action at the time he purchased the property. Actual knowledge can take the place of the constructive notice imparted by the filing of a notice of *lis pendens.* (*Hibernia Savings & Loan Soc.* v. *Lewis,* 117 Cal. 577, 581 [47 P. 602, 49 P. 714]; *Sharp* v. *Lumley,* 34 Cal. 611, 615; *Wise* v. *Griffith,* 78 Cal. 152 [20 P. 675].)

It is recognized that a decree of foreclosure as to the only defendant before the court who no longer claims any interest in the property may be of small value to the plaintiff unless it can establish in a subsequent action brought to try title that the persons who have acquired title during the pendency of

the action had actual knowledge of such pendency at the time they acquired title from Theseus, Inc. The time for issuance or service of summons in the present action has long since expired, so that such parties could not now be brought before the court other than as they might be willing to intervene; and any other action to foreclose the lien could not now be brought.

Thus to deny to plaintiff a decree of foreclosure against the defendant who was the owner of the property at the time the action was commenced would be to shut plaintiff out from the opportunity to enforce a possibly existent right against the persons who purchased during the pendency of the action. Such persons were not indispensible parties (*Hibernia Savings & Loan Soc.* v. *Cochran,* 141 Cal. 653, 658 [75 P. 315]), while the defendant Theseus, Inc. was an indispensible party, having been the owner at the time the action was commenced. (*Robinson* v. *Muir,* 151 Cal. 118, 122 [90 P. 521].)

A decree of foreclosure should be granted against a former owner who was a proper party defendant at the time of the commencement of the action, although he was at the time of the trial and decree no longer owner. (*Bellingham Bay Lbr. Co.* v. *Western Amusement Co.,* 35 Cal.App. 509, 512 [170 P. 631].)

In its answer in the present case filed January 22, 1963, the defendant Theseus, Inc. merely denied ''that it is the owner of all of said lots at this time.'' The complaint was filed on December 17, 1962; and it appears from the stipulation of the parties that all but five of the 34 lots in Group B were sold after the defendant had answered.

It must be held that if any of the purchasers who acquired title after the action was commenced acquired such title with knowledge of the pendency of the action, they might be bound by a decree of foreclosure against defendant Theseus, Inc. It is proper, therefore, that a decree of foreclosure as to the rights of the defendant Theseus, Inc. should be entered, which should make it clear that the decree does not foreclose the interest of any person not a party to the action who purchased before recording of the notice of *lis pendens* and who did not have actual knowledge of the pendency of the action at the time of acquiring title.

3. Lots Purchased Prior To Recordation of the Lien. (Group C), 2 Lots.

For the reasons set forth in our discussion of the Group A lots, the failure to join these purchasers in the fore-

closure action required that the trial court deny foreclosure as to them.[1]

## ESTOPPEL

Plaintiff contends that Theseus is estopped from raising the asserted defenses because it sold the lots with knowledge of plaintiff's mechanic's lien. Unfortunately for plaintiff, this issue is not raised in the trial court, and the court made no finding thereon. The issue may not be raised for the first time on appeal.

The judgment of the trial court is reversed as to the 34 lots sold by Theseus, Inc. subsequent to the commencement of the foreclosure action and as to such lots the trial court is directed to enter a decree of foreclosure in accordance with the views expressed herein. Plaintiff should recover its costs in the trial court. Each party shall bear its costs on appeal.

Coughlin, Acting P. J., and Whelan, J., concurred.

A petition for a rehearing was denied September 15, 1966, and the opinion and judgment were modified to read as printed above.

---

[1]Interestingly enough, the court, as before stated, ordered foreclosure as to two lots although the owners thereof were not joined in this action. Apparently there has been no appeal by the owners from such order. Obviously, plaintiff is not appealing therefrom either.