Glass, Respondent, vs. Zachow and others, imp., Appellants.

*January 16—February 3, 1914.*

*Mechanics' liens: Foreclosure: Lis pendens: Laches: Waiver of lien as to subsequent purchasers: Actions affecting title to land: Constructive notice: Filing of complaint.*

1. One claiming a mechanic's lien is bound to prosecute his foreclosure action in good faith and with reasonable diligence in order to preserve his lien against subsequent purchasers in good faith, for value, without notice of his claim.

2. An action to foreclose a mechanic's lien was commenced on December 7, 1908, about ten days before the end of the year limited therefor, but nothing further was done therein until May 8, 1909, when the summons and complaint were filed, and on December 2, 1910, a notice of *lis pendens* was filed. On May 3, 1909, the land was conveyed for full value to purchasers in good faith, without actual notice of plaintiff's claim, and they in turn, on September 20, 1909, sold to other purchasers in good faith, without notice, who also paid full value. *Held,* that by his laches in not promptly prosecuting his claim and filing notice of *lis pendens* plaintiff had waived his lien as to said purchasers.

3. The provision in sec. 3324, Stats., that the judgment in an action to foreclose a lien shall direct a sale of the interest of the owner or any interest which may have been acquired by any person claiming under him after the commencement of

the work or the furnishing of materials, does not prevent such a waiver.

4. The filing of the summons and complaint in an action affecting the title to real estate, without the filing of notice of *lis pendens* as provided in sec. 3187, Stats., is not constructive notice to subsequent purchasers or incumbrancers.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought against the defendants Addie Stark and Nick Stark to foreclose a mechanic's lien. The petition for lien was duly filed within the time prescribed by statute. The labor performed was in drilling a well upon the real estate of the defendants Addie Stark and Nick Stark and furnishing materials between November 1 and December 17, 1907, which amounted to $84. The action was commenced December 7, 1908, but the summons and complaint were not filed in the office of the clerk of the circuit court for Shawano county, the county in which the action was brought, until May 8, 1909, and no notice of *lis pendens* was filed until December 2, 1910. The defendants Addie Stark and Nick Stark did not appear in the action and remained in default. On the 3d day of May, 1909, and more than one year and four months after the last work was performed, the defendants Addie Stark and Nick Stark, by warranty deed, sold the premises in question to the defendants *W. C. Zachow* and *Mary Zachow,* who purchased the same for full value, in good faith, and the deed was recorded in the office of the register of deeds for Shawano county May 17, 1909. On September 20, 1909, the defendants *W. C. Zachow* and *Mary Zachow,* his wife, conveyed the premises to the defendant *Carl Feldt,* who also paid full value and purchased in good faith. It is admitted that neither the defendants *W. C. Zachow* or *Mary Zachow,* his wife, nor defendant *Carl Feldt* or *Wilhelmina Feldt,* his wife, had any knowledge that an action had been commenced to foreclose said lien until after conveyance to *W. C. Zachow,*

and that they purchased the premises in good faith without any actual knowledge of the foreclosure of said lien.

On September 26, 1911, the plaintiff amended his summons and complaint by making *W. C. Zachow* and *Mary Zachow,* his wife, and *Carl Feldt* and *Wilhelmina Feldt,* his wife, defendants, and said defendants appeared in the action, answered, and defended on the ground that they took the property discharged of any lien in favor of the plaintiff.

The case was tried upon stipulated facts which embraced the foregoing. The court ordered judgment on the stipulated facts to the effect that the plaintiff have a lien upon the premises in question, which lien take precedence over any claim of the defendants or any or either of them, and that the judgment be entered in the usual form, except that no judgment for deficiency be entered against the defendants *Zachow* and wife and *Feldt* and wife. Judgment was entered accordingly, from which this appeal was taken.

*P. J. Winter,* for the appellants.

For the respondent there was a brief by *Eberlein & Eberlein,* and oral argument by *M. G. Eberlein.*

KERWIN, J. The question involved is whether the plaintiff, by laches in failing to promptly prosecute his claim and file notice of *lis pendens,* waived his lien. The contention of the respondent is that, since the statute provides that the judgment shall adjudge the amount due and direct that the interest of the owner in the premises at the time of the commencement of the work or furnishing materials for which liens are given or which he or any person claiming under him has since acquired be sold to satisfy the amount of the lien, a special statutory lien is given, which cannot be affected or cut off by conveyance of the premises, and relies upon *Webster v. Pierce,* 108 Wis. 407, 83 N. W. 938, and *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884. But neither of these cases reaches the question here.

Conceding, without deciding, that the lien of the plaintiff could not be cut off by a conveyance after it had attached had the plaintiff promptly pursued his remedy and not slept upon his rights, we are of opinion that the laches of the plaintiff here amounted to a waiver of his lien as against subsequent purchasers in good faith, for value. So we need not consider cases holding that a mechanic's lien cannot be defeated by a conveyance of the property in cases where there has been no laches or conduct upon the part of the claimant amounting to a waiver of the lien. The plaintiff here filed his lien, and served a summons and complaint December 7, 1908, and did nothing further in the action until May 8, 1909, when the summons and complaint were filed, and afterwards and on December 2, 1910, filed a notice of *lis pendens*. In the meantime defendants *Zachow* and *Feldt* purchased the property in good faith, for value, and without actual notice of plaintiff's claim. The question arises, Did they have constructive notice? We think not. Although the summons and complaint were filed before *Feldt* bought, the filing did not constitute constructive notice, because of the statutory *lis pendens*. Sec. 3187, Stats. This section provides for filing notice of *lis pendens* in actions affecting the title to real estate, and makes such filing notice to a purchaser or incumbrancer of the property affected thereby. The statute, as regards subsequent purchasers and incumbrancers, supplements the common-law *lis pendens,* and to the extent that its filing is constructive notice to subsequent purchasers and incumbrancers it is exclusive, and the common-law *lis pendens* does not apply. *Brown v. Cohn,* 95 Wis. 90, 93, 69 N. W. 71; *Pennington v. Martin,* 146 Ind. 635, 45 N. E. 1111; Bennett, Lis Pendens, sec. 321; *Bensley v. Mountain Lake W. Co.* 13 Cal. 306, 73 Am. Dec. 575; *Corwin v. Bensley,* 43 Cal. 253; *Abadie v. Lobero,* 36 Cal. 390; *Jorgenson v. M. & St. L. R. Co.* 25 Minn. 206; 25 Cyc. 1466, 1467.

It follows, therefore, that the *Zachows* and *Feldts* had no constructive notice until the filing of the notice of *lis pendens,* which was after they purchased.

The plaintiff was bound to prosecute his case in good faith and with reasonable diligence in order to preserve his lien against subsequent purchasers in good faith, for value, without notice of the plaintiff's claim. *Hammond v. Paxton,* 58 Mich. 393, 25 N. W. 321; *Smith v. Shell Lake L. Co.* 68 Wis. 89, 31 N. W. 694. The plaintiff merely filed his lien, but did not file the summons or complaint or take any further action in the case until long after the expiration of the year during which the statute requires action to be commenced. This, we think, was such laches as amounted to a waiver of the lien as against subsequent purchasers in good faith, for value, without notice. 27 Cyc. 343. It was held in *Ehrman v. Kendrick,* 1 Met. (Ky.) 146, that failure for four years to prosecute to a decree will deprive the lien of its validity as against a subsequent mortgagee without notice.

In *Petree v. Bell,* 2 Bush, 58, it was held that a delay of nearly two years, without excuse or explanation, to prosecute an action was sufficient to deprive the plaintiff of the benefit of *lis pendens.*

In *Herrington v. McCollum,* 73 Ill. 476, it was held that a lien was discharged by lack of diligence to prosecute. At page 484 the court said:

"If to permit a case to remain off docket for two entire years, during four regular terms of court, without making any effort to reinstate it, and have a hearing, can be called the exercise of reasonable diligence, or, indeed, any degree of diligence whatever, it would be difficult to determine what might be regarded as laches in the prosecution of a suit."

The course pursued by plaintiff was well calculated to deceive purchasers of the property. The statute requires suit to be brought for foreclosure of mechanics' liens within

one year, obviously for the purpose of speeding the settlement and adjustment of such matters. The statute also provides easy means of protecting the lien claimant in case of delay in prosecuting a lien suit by filing a *lis pendens*. Had the summons, complaint, and notice of *lis pendens* been seasonably filed as provided by statute, and the suit prosecuted with diligence, all parties would have been protected and the lien of the plaintiff preserved. The fact that nothing appeared of record until long after the time for bringing suit to enforce the lien had expired and no *lis pendens* filed would naturally lead purchasers to believe that the claim for lien had been abandoned. It follows that the judgment of the court below must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded with instructions to dismiss the complaint as to defendants *W. C. Zachow, Mary Zachow, Carl Feldt,* and *Wilhelmina Feldt.*