[Civ. No. 2441. First Appellate District.—July 11, 1918.]

WILLIAM A. TULLOH, Appellant, v. E. J. BOYCE et al., Defendants; BERNICE ALSTON et al., Interveners and Respondents.

MECHANICS' LIENS—CONTINUANCE OF LIEN PENDENTE LITE—LIS PENDENS.—Where an action for the foreclosure of a mechanic's lien is commenced within the ninety-day period provided by section 1190 of the Code of Civil Procedure, the lien continues during the pendency of the action, and it is not essential to file a notice of *lis pendens* in order to preserve the lien as against purchasers pending suit.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a motion to vacate and enter a different judgment. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Frank W. Sawyer, for Appellant.

W. B. Rinehart, for Respondents.

KERRIGAN, J.—This is an action to foreclose a mechanic's lien. The appeal is from the judgment in favor of the interveners and against the plaintiff, and from an order denying plaintiff's motion to vacate the judgment and con-

clusions of law, and to enter a different judgment and conclusions of law upon the same findings.

The plaintiff was the contractor and lien claimant. The defendants were the owners of the property when the work was done, the lien filed, and the action commenced. The interveners were the purchasers of the property *pendente lite.* The claim of lien was filed, as provided in section 1187 of the Code of Civil Procedure, in due time in the recorder's office, the action to foreclose the same being commenced within ninety days thereafter, and the sole question presented on the appeal is, Does a party who in due time records a sufficient and valid mechanic's lien, have to record a notice of *lis pendens* upon the foreclosure of that lien in order to charge and hold the property against purchasers *pendente lite?*

Section 1190 of the Code of Civil Procedure, specifying the time of continuance of a mechanic's lien, in part then read: "No lien provided for in this chapter binds any building, mining claim, improvement, or structure for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same." By implication this provision plainly means that when proceedings to foreclose the lien are commenced within the time designated, the lien continues, rendering it unnecessary to file a notice of the pendency of the action.

The authorities sustain this view. In the case of *Empire Land & Canal Co.* v. *Engley,* 18 Colo. 388, [33 Pac. 153, 155]—where the statute providing for the filing of a mechanic's lien and its foreclosure is similar to ours (reading that the lien should not hold the property longer than six months after filing the claim unless an action to enforce the same be commenced within time)—it was held that a purchaser or encumbrancer of property upon which a mechanic's lien has been filed is charged with notice thereof by virtue of the mechanic's lien statute itself, without the filing of a notice of *lis pendens.* Upon this point the Colorado court said: "Considering the design of these statutes we are of the opinion that it is not necessary to file a notice of *lis pendens* in an action to foreclose a mechanic's lien. The mechanic's lien statute prescribes the kind of notice to be filed by the claimants of such liens, and no additional notice

is necessary. . . . It is true that the statute provides the lien shall not hold the property for a longer period than six months, unless an action shall within that time be commenced to enforce the same. But this is equivalent to an affirmative declaration that the lien shall hold the property for a longer period than six months when an action is commenced within that time to enforce the same."

In Boisot on Mechanic's Lien, section 593, page 620, the author states: "It is not necessary, in the absence of express statutory direction, to file a notice of *lis pendens* in order to preserve the lien as against purchasers pending suit." And in Bloom on Law of Mechanics' Liens, page 601, section 658, we read: "Contrary to the general rule it has been held that a purchaser or encumbrancer of property upon which a claim of mechanic's lien is filed and suit is brought to foreclose the same, is chargeable with notice by virtue of the mechanic's lien without the necessity of filing a *lis pendens.*"

It results from the foregoing that the trial court was in error in entering judgment in favor of the interveners and in denying plaintiff's motion above described. The judgment and order are, therefore, reversed.

Zook, J., *pro tem.,* and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying a hearing in this court we deem it proper to say that we are in entire accord with the opinion of that court in so far as it holds that filing of a notice of *lis pendens* is not essential to a continuance of the lien. By reason of the commencement of the action to enforce the lien within the ninety days, the lien continues during the pendency of the action, in view of the provisions of section 1190 of the Code of Civil Procedure. Further than this, it is not essential to go on this appeal.

The application for a hearing in this court is denied.