AUGUSTINE, Appellant, vs. CONGREGATION OF THE HOLY ROSARY OF POMPEII and another, Respondents.

*December 4, 1933—January 9, 1934.*

518

*P. F. Leuch* and *H. C. Runge,* both of Milwaukee, for the appellant.

*L. E. Vaudreuil* of Kenosha, for the respondents.

FRITZ, J.   Plaintiff's complaint states facts sufficient to constitute a cause of action to recover for architectural services performed by him for the defendant Congregation. The prayer of the complaint is for a lien under ch. 289, Stats., upon the premises upon which the building was erected.   However, that complaint was not served or filed until on February 4, 1933, which was more than a year after November 13, 1931, the date of the last charge for plaintiff's services; and no affidavit had ever been filed, as authorized by sec. 289.06, Stats. 1931, to enlarge the time for filing a complaint.   Because of plaintiff's failure in those respects the defendant Congregation moved to dismiss the action, and from an order to that effect plaintiff appealed.   The Western and Southern Life Insurance Company was joined as a defendant merely because it was alleged to have a mortgage lien upon the premises.   That defendant did not participate in the motion to dismiss or on this appeal.

Sec. 289.06, Stats. 1931, so far as here material, provides: "No lien hereby given shall exist and no action to

enforce the same shall be maintained unless . . . such action be brought and summons and complaint filed within one year from such date, unless within thirty days next preceding the expiration of such year" an enlargement of the time for serving and filing the complaint is effected for another period of one year by filing an affidavit in the prescribed form. Under those provisions no lien given by ch. 289, Stats., shall exist and no action to enforce such a lien shall be maintained unless the complaint was filed as well as served within the prescribed period. As to plaintiff's claim for a lien, that period expired on November 13, 1932. Thereafter, by virtue of the unambiguous terms of the very statute under which he claims a right to have a lien, no such lien shall exist and no action can be maintained to enforce it. Although the action was duly commenced by serving a summons within the prescribed year, and plaintiff appears to have been prevented from preparing his complaint by defendant's wilful failure to furnish the data which it was required to produce pursuant to a discovery examination under sec. 326.12, Stats., and which plaintiff had to have to enable it to draft his complaint, none of those circumstances obviate the bar prescribed by the statute unless that first period of one year is duly enlarged, as prescribed by the statute, within the thirty days next preceding the expiration thereof. The fact that nothing appeared of record within that year, by either the filing of a complaint, or of an affidavit to enlarge the time for filing a complaint, constitutes a fatal omission on plaintiff's part to preserve his claim to a lien by the easy means prescribed by the statute for preserving such claims. *Glass v. Zachow,* 156 Wis. 21, 25, 145 N. W. 236. After the expiration of that prescribed period, the court, as it rightly ruled, was without discretion to avoid that statutory bar as to the lien by enlarging that period for the filing of a complaint on plaintiff's motion.

From and after November 13, 1932, there existed no right to a lien under ch. 289, Stats., which can be deemed to

have been revived by the amendment of sec. 289.06 by ch. 75, Laws of 1933. That enactment enlarged the period allowed by sec. 289.06, Stats., for serving and filing complaints to two years. But there is no provision in that enactment that it is applicable to periods of limitation which have theretofore commenced to run. Consequently, even if plaintiff's period for filing his complaint had not completely expired before the enactment of that 1933 amendment, it would have been inapplicable to his claim. Unless such a repealing or amending act expressly provides otherwise, the limitation or period thereby prescribed applies "only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run." Sec. 370.06, Stats.; *Thom v. Sensenbrenner,* 211 Wis. 208, 213, 247 N. W. 870, 872. As stated in that case, that consequence follows "even though the repeal of a period of limitation results merely by implication, because of the substitution of a longer limitation period for a formerly prescribed shorter period."

Although the usual rules in equitable proceedings are applicable in many respects in actions to enforce liens under ch. 289, positive legislative enactments prescribing the conditions essential to the existence and preservation of a statutory lien cannot be disregarded. Consequently, as sec. 289.06 expressly provided that no lien under ch. 289, Stats., shall exist, and no action to enforce the same shall be maintained, unless the complaint was served and filed within that period of one year, or a year thereafter if the time therefor was duly enlarged, the court rightly concluded that, after the expiration of that year, the plaintiff could not establish such a lien upon the premises. By reason of his failure in that respect he may not have been entitled to any relief against the defendant Western and Southern Life Insurance Company. However, the facts alleged in his complaint, if established on

a trial in this action, may entitle him to a personal judgment herein against the defendant Congregation. In that event, as is expressly recognized in sec. 289.12, Stats., although he fails to establish his lien upon the premises, "he may have a personal judgment in the action against the party liable for the amount due him, with or without costs, to be taxed in his favor or in favor of the defendant in like manner as if the action were for the recovery of money only." *Moritz v. Splitt,* 55 Wis. 441, 13 N. W. 555; *Mark Paine L. Co. v. Douglas County Imp. Co.* 94 Wis. 322, 68 N. W. 1013. It follows that the plaintiff should have been permitted to proceed in this action for the purpose of endeavoring to recover a personal judgment herein against the defendant Congregation. The order appealed from is erroneous in so far as it denies that opportunity to the plaintiff.

*By the Court.*—Order reversed.