STEPHEN O. HART, Assistant Corporation Counsel, LaCrosse County
Your letter of August 18, 1971, requested my opinion on a 1971 amendment to sec. 893.15, Stats. This amendment is contained in ch. 21, Laws of 1971. It relates to the statutory limitation on time for the commencement of actions to establish paternity.
The pertinent language of the amendment is italicized:
"Within 5 years of the date of birth of a child or if theparents live together as man and wife after the birth of thechild, 5 years after they separate: . . ."
Since this amendment was published on April 24, 1971, it became effective on April 25, 1971, according to sec. 990.05, Stats., which provides that every law which does not expressly provide the time it takes effect becomes effective on the day after its publication.
Your question is: Does this amendment allow the mother to bring an action within a period of five years from the date of separation where the child was born April 28, 1966, *Page 417 
and she and the alleged father were living together from the birth of the child until August of 1971?
This question is answered affirmatively for two reasons.
First, the general rule in this area is found in 51 Am. Jur. 2d, Limitation of Actions, § 41, p. 623, which states:
"Assuming the power to enlarge the period of limitations applicable to an existing cause of action, that is, a cause of action mature but not barred at the time the statute providing for the extended period became effective, there may remain a question whether the legislature intended the new period to apply to causes of action in existence but not barred at such time. In this respect, the view has been taken that amendments extending statutes of limitation apply to preexisting claims not already barred, unless the amendatory act expressly provides otherwise, and with regard to a wide variety of causes of action it has been held that the particular statutes considered, enlarging limitation periods, were intended by the legislature to apply to existing causes of action not yet barred."
This general rule raises the question of what the legislature intended by the enactment of the amendment.
In determining the intent of the legislature, there are two lines of cases which apply to this situation. The first case is Cole v. Van Ostrand (1970), 131 Wis. 454,110 N.W. 884, where the holder of a tax deed claimed that her constitutional rights were invaded by a statute which, prior to the expiration of the nine months' limitation period allowed for bringing action to set aside tax deeds, enlarged the period for bringing such actions to three years. The court, in denying such contention, said, at pages 466-467:
". . . that until the statute of limitation has completely run so as to vest title by excluding the possibility of attack thereon, the period of limiation [limitation] is wholly within the province of the state legislature, and is not controlled by the federal provisions against either the impairment of the obligations of contract or the deprivation of property without due process of law." *Page 418 
This case supports the general rule, supra. Indeed, this is the factual situation in the instant case. Both cases involve an act which extends the right to sue contains no other indicia of legislative intent as to its effect and does not call for the application of another statute in construing its effect.
However, the general rule is the opposite where the legislative intent expresses a different effect.
". . . On the other hand, in a number of instances the language of a statute enlarging a period of limitations has been held such as to indicate the legislature's intent that it should not be applied to causes of action in existence but not barred at the time of its effective date." 51 Am. Jur. 2d, Limitation of Actions, § 41, p. 623.
There are two types of cases in Wisconsin which support this rule. This rule does not apply to the instant case, which involves an extension of the statute. It applies to cases in which first, either there is a legislative declaration that it shall apply only to acts committed subsequent to its passage, or secondly, it applies to cases in which the act expressly or impliedly repeals the former act.
With regard to the first type of case, see Lotten v.O'Brien (1911), 146 Wis. 258, 131 N.W. 361. This was an action for malpractice, the alleged negligence having occurred not later than September 26, 1908, when the treatments by defendant ceased, at which time a one-year limitation period was in effect, but by a statute which became effective May 19, 1909, the limitation period for actions for negligence was extended by amendment to two years, but with the proviso that the amendatory statute should not apply to events causing damage which happened before the enactment of the amendatory act, and it was contended that this left the act or event here in question without other limitation than the general six-year statute. The court said, at page 260:
". . . But we believe that in such case sec. 4976, Stats. (1898), which applies to all statutes, steps in and applies a rule that, the limitation of one year having begun to run when the act of 1909 went into effect and the latter act providing a new period of limitation, the former limitation statute is continued in effect as to such former acts . . . ." *Page 419 
Thus, the action in Lotten, supra, could arise solely under the former statute because of the legislative declaration. In the instant situation there is no such legislature proviso which would limit the action to the former statute.
The second type of case, which involves an act that expressly or impliedly repeals the former act, arises in the case of Augustine v. Congregation of the HolyRosary (1934), 213 Wis. 517, 252 N.W. 271, where it was held that even if plaintiff's period for filing a complaint to enforce a mechanic's lien had not completely expired before the enactment of an amending statute enlarging the period of serving and filing complaints from one to two years, the amendment would have been inapplicable to his claim, where there was no provision in the amendatory statute that it was to be applicable to periods of limitation which had theretofore commenced to run. The court pointed out, at page 520:
". . . that unless such a repealing or amending act expressly provides otherwise, the limitation or period thereby prescribed applies, in the words of the present statute, `only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run.'"
The Augustine case, supra, is the opposite of the Cole case, supra. Both the Augustine and the Cole cases involved a statute which extended the statute of limitations. In both cases, there were no further legislative declarations as to whether it applied to acts occurring before or after the enactment of the new statute. Yet, in Cole, the court held that the plaintiff could proceed under the new statute, whereas inAugustine the court said that the plaintiff could not proceed under the new statute. The distinction between the two cases is that sec. 370.06, Stats., applied inAugustine and not in Cole. This statute only applies where the new act changes the time for bringing an action and where the new statute expressly or impliedly repeals the former act. In Augustine, subsec. (1) of sec. 289.06, Stats., was repealed and subsec. (2) was amended. Actually, subsec. (2) was a *Page 420 
new subsection which replaced the older one. In any event, since the statute was expressly and impliedly repealed, sec. 370.06, Stats., became applicable because the repeal changed the time for bringing an action. Section 370.06, Stats., since renumbered 990.06, reads as follows:
"Repeal or change of law limiting time for bringing actions. In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide."
Thus, where the new statute does not state whether it applies to acts committed prior to the passage of the new act, the new act will apply only to acts occurring subsequent to its passage where the new act expressly or impliedly repeals the old.
In Cole, there was no repeal. The time for bringing an action was extended. Thus, the repeal statute, sec. 370.06, Stats., did not apply, since there was no repeal. The instant case falls into this category. No repeal is involved. Therefore, sec. 990.06, Stats., is inapplicable. The Cole rule, supra, pages 466-467, applies:
". . . until a statute of limitation has completely run . . . the period of limitation is wholly within the province of a state legislature . . . ."
In conclusion, under the general rule set out on pages 1-2 and under the Cole case, supra, the action in the instant situation may be commenced since the period of limitation under the former act had not completely run when the new extension became effective. Furthermore, since a repealing of the former act is not involved, sec. 990.06, Stats., is not applicable. *Page 421 
The second reason which allows this action to be commenced is that the extension is remedial it is a general maxim of the law that remedial statutes are to be construed liberally.
This statute is remedial in nature because it corrects the situation where the father of a child lives with the mother for five years after its birth. His presence lulls the mother into refraining from bringing a support action. Since he is present and presumably contributing to the support of the child there is no need to compel support. However, under the old statute if the father left after five years, the mother appeared to be barred by the state of limitations from bringing a support action. This new statute was presumably intended to cure that possible inequity. Now, the statute does not begin to run until the date of separation. It is remedial in nature. 50 Am. Jur., Statutes, § 392, at pages 415-416, expresses the rule regarding remedial statutes:
"It is a general rule of law that statutes which are remedial in nature are entitled to a liberal construction, in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute. This is true of a curative statute having a remedial purpose, or statutes seeking the correction of recognized errors and abuses, remedying defects in earlier acts) or implying an intention to reform or extend existing rights . . . ."
In accord with the above rule is Holl v. Merrill (1946),251 Wis. 203, 209, 28 N.W.2d 363, which states:
". . . We think that this is entirely too narrow a construction to give to a remedial statute which should be liberally construed to advance the remedy."
Thus, this new statute should be liberally construed to advance the remedy."
Thus, this new statute should be liberally construed so as to advance the remedy which enables the mother to bring an action from the date of separation. This remedies the abuse which formerly occured [occurred]. *Page 422 
Therefore, the answer to your question is that the mother is entitled to sue the father for a period of five years from the date of separation.
Furthermore, subsequent to your letter, our Wisconsin Supreme Court rendered a decision which suggests that the mother, under the facts of your case, may be able to successfully sue the father for support despite the statute of limitations. In the very recent case of Stateex rel. Armedia Susedik v. George R. Knutson, Jr. (November 2, 1971), the court affirmed a trial court's decision that the father was estopped from using the statute of limitations as a defense to the paternity suit, since his conduct in living with the mother as husband and wife for over five years had caused the plaintiff to rely on his representations. This reliance prevented her from commencing an action within the statutory period.
I am enclosing a copy of this decision for your use. I believe this case may also satisfactorily answer your question.
RWW:JCM