671 P.2d 415

Robert W. COLLINS, Plaintiff-Appellant,

v.

James C. STOCKWELL and Jane Doe Stockwell, his wife; Title Insurance Company of Minnesota, Additional Defendants-Appellees.

No. 1 CA–CIV 5706.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 11, 1983.

Rehearing Denied Feb. 10, 1983.

Review Granted March 29, 1983.

Atmore Baggot, Phoenix, for plaintiff-appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for defendants-appellees.

## OPINION

KLEINSCHMIDT, Judge.

The plaintiff-appellant, Robert W. Collins, appeals from the trial court's grant of a motion for summary judgment in favor of defendants-appellees, James C. Stockwell and Title Insurance Company of Minnesota. This case of first impression in Arizona involves the question of whether it is necessary to file a notice of lis pendens to preserve a mechanic's lien after suit to foreclose the lien has been timely filed. We find that once the time has passed to file an action to foreclose a mechanic's lien it is necessary to file a lis pendens to give constructive notice that litigation affecting title to the property is pending.

Robert Collins, a licensed subcontractor, performed tile work for the developer Diplomat Homes, Inc. The developer became insolvent prior to paying the subcontractor for the work. The subcontractor recorded a timely mechanic's lien on the property on September 21, 1978. At the time that lien was recorded the developer was listed as the owner of the home and the subcontractor served the lien on the developer. Thereafter, on September 26, 1978, the subcontractor filed an action to foreclose the lien within the six-month period required by A.R.S. § 33–998.

Later, on December 18, 1979, the subcontractor filed a supplemental complaint when he learned that the record owners of the property were Paul and Arlene Blonsky who had purchased from the developer. After the filing of that supplemental complaint in which the Blonskys were named as defendants they, in March 1980, conveyed title to a subsequent purchaser for value, James Stockwell. At the time of the sale from the Blonskys to Stockwell, Minnesota Title prepared a title report and insured the title but failed to find or disclose the presence of appellant's mechanic's lien in the records of the Maricopa County Recorder's Office. The subcontractor subsequently joined and served Stockwell and Minnesota Title as defendants in a supplemental complaint filed in June 1980.

The subcontractor, Stockwell and Minnesota Title all filed motions for summary judgment. The trial court granted the motions for summary judgment of Stockwell and Minnesota Title and denied the subcontractor's motion.

The subcontractor's argument is as follows. A.R.S. § 33–993 requires mechanic's liens to be recorded with the county recorder of the county in which the property is located. When the subcontractor filed an action to enforce his lien within the six-month period following the recording date as required by A.R.S. § 33–998, he had done all that was necessary to perfect his lien. A.R.S. § 33–416, which provides that instruments required or authorized to be recorded "shall be notice to all persons of the existence of such ... instrument", gave the appellees notice of the lien and of the possibility that a lien foreclosure action might have been filed during the six-month period. Consequently, the subcontractor argues that the property owner and the title company were not entitled to rely on the absence of a notice of lis pendens six months after the lien filing date to conclude that the lien had been extinguished.

We disagree with the appellant subcontractor and affirm the judgment of the trial court.

Our lis pendens statute, A.R.S. § 12–1191 provides:

A. In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

B. The recorder shall file the notice and record and index it in the names of the parties to the action, and thereafter a purchaser or encumbrancer of the property affected shall be held to have constructive notice of the pendency of the action and the claims therein made.

C. If a notice of pendency of action has been recorded pursuant to this section and the action is dismissed without prejudice for lack of prosecution, the plaintiff or plaintiffs of the action shall, within thirty days after such dismissal, issue to the defendant of the action a release of the notice of pendency of action. Such release shall be in the form of a recordable document. Failure to grant such release shall be subject to the penalties prescribed by § 33–712.

■ Although embodied in statute lis pendens is a creature of the common law. At common law, pendency of a suit affecting the title to real property was constructive notice thereof to all the world. The lis pendens statutes are designed to provide a better form of notice to one who may be interested in a particular piece of real property and affected by the outcome of litigation relating to it. Statutes do not create the doctrine of lis pendens but actually limit its application by making it effective only if the action is indexed in accordance with the statutory requirements. *Kelly v. Perry,* 111 Ariz. 382, 531 P.2d 139 (1975). They are in essence designed to make it possible to tell if land titles are affected by litigation by looking at a single index. *Brandt v. Scribner,* 13 Ariz. 169, 108 P. 491 (1910).

■ The statutory scheme relating to mechanic's liens in Arizona provides for the imposition of liens for labor and materials used in the construction of buildings. A.R.S. § 33–981. The lien constitutes a preference over subsequent encumbrances or over other encumbrances as to which there has been no actual or constructive notice. A.R.S. § 33–992. The lien is perfected if, within a specified time after the completion of construction, the contractor, subcontractor, or supplier files a notice of claim of lien in the office of the county recorder of the county in which the property is located and serves a copy on the owner of the property. A.R.S. § 33–993.

Foreclosure of the lien is provided for in A.R.S. § 33–998 which reads as follows:

A lien granted under the provisions of this article shall not continue for a longer period than six months after it is recorded, unless action is brought within such period to enforce the lien. If a lien claimant is made a party defendant to an action brought by another lien claimant, the filing within such period of six months of an answer or cross-claim asserting the lien shall be deemed the commencement of an action within the meaning of this section.

When a lien is satisfied the lienholder is required to issue a release of lien. A.R.S. § 33–1006.

The purpose of the statutory scheme is clear. It provides a means to assure payment to contractors and materialmen for the work they have done to improve property and to give notice to all the world of their claim. It provides a means of giving notice without the necessity of filing a lawsuit and since an encumbrance on title with threat of foreclosure is such a powerful weapon in the hands of contractors and materialmen it may be presumed that the vast majority of claims for which liens are

filed are either paid or settled. Those that are not are either made the subject of a timely foreclosure action or are extinguished by operation of law.

In resolving this case it is necessary to keep clearly in mind just exactly what the issue is and what it is not. No one claims that the filing of the notice of claim of lien is not constructive notice of its existence until it is extinguished by operation of law. No one suggests that a lien on which a timely foreclosure is begun, but no lis pendens filed, ceases to become a lien as to all persons with actual notice thereof. *See Smith v. Faris-Kesl Const. Co.*, 27 Idaho 407, 150 P. 25 (1915). The question is, does the mere filing of the notice of claim of lien give constructive notice beyond the six-month period within which a foreclosure action must be filed?

■ We look first at some general principles of statutory construction. We cite *Arizona Gunite Builders, Inc. v. Continental Casualty Co.*, 105 Ariz. 99, 459 P.2d 724 (1969), not because its facts make it particularly applicable but because it is an excellent exposition of the rules of statutory construction which happens as well to deal with the mechanic's lien statute. In *Arizona Gunite* the Arizona Supreme Court drew from the mechanic's lien statute to ascertain the meaning of the contractor's license bond statute. In doing so it expressly noted that statutes which deal with the same class of persons or things and have the same purpose are in pari materia. Such enactments must be read and construed together and all parts of the law on the same subject must, if possible, be given effect. In this exercise the courts may look to the general policy of the state and may harmonize statutes dealing with the same matter. Certainly a provision which expressly creates a lien on realty and allows for its foreclosure is an "action affecting title to real property" within the meaning of the lis pendens statute. The lis pendens statute and the mechanic's lien statute are in pari materia and are in harmony as we construe them. The lis pendens statute does not say

that it applies to every action affecting title to real property except actions to foreclose mechanic's liens. To read the statute as the subcontractor asks us to would read an exception into the lis pendens statute which does not exist.

We look next at the practical effect of what would happen if the mere filing of the notice of claim of lien were sufficient to give constructive notice of the foreclosure action. A contractor or materialman could file and record a lien and bring a timely foreclosure action. Six months after the lien was filed persons interested in the title to the property who have examined the recorder's index would find no pending actions but would observe that a lien had been filed more than six months previously. Such an examiner would likely be led to the conclusion that the lien had expired by operation of law. Of course, it would be possible for the person interested in the title to check every unsatisfied lien ever filed on the property by tracing through the records of the clerk of the superior court to find out if a foreclosure action had been filed and, if so, what the status of it is or the disposition of it was. When one considers that some construction projects garner hundreds of liens running into the millions of dollars with many claims being duplicated and that some lawsuits languish in the courts for many years, this would be a tedious, uncertain and thoroughly unnecessary process. We believe that this is exactly the kind of problem that the lis pendens statute was designed to avoid. *See Reeder v. Cox*, 218 Ala. 182, 118 So. 338 (1928) which squarely holds under a statutory scheme similar to ours that a lis pendens must be filed to effect constructive notice of the lien foreclosure. *Reeder* was affirmed in *First Avenue Coal and Lumber Co. v. Rimer*, 222 Ala. 545, 133 So. 589 (1931) with a dissent that articulates the contrary considerations well. *See also Glass v. Stark*, 156 Wis. 21, 145 N.W. 236 (1914) which appears to hold that a lis pendens must be filed to impart constructive notice after lien foreclosure begins. It is

uncertain from the report in *Glass* that the foreclosure was timely filed.

The appellant subcontractor has cited several decisions from other jurisdictions that are exactly on point and which reach a different conclusion than we do. Typical of these is *Tulloh v. Boyce,* 37 Cal.App. 761, 174 P. 680 (1918). The court there considered a foreclosure statute which was similar to ours and held that a lien on which foreclosure was timely begun constituted constructive notice even though no lis pendens had been filed. The decision is a rather brief one and we think it is poorly reasoned. The California court simply concluded that since the statute stated that no lien would continue for longer than ninety days unless foreclosure was commenced this meant by implication that the lien continued when the action was brought and that no lis pendens need be filed. We have no doubt the lien continues when the action is filed and is effective as to all who have actual notice of it but the California court leaped too far when it concluded that the original lien notice suffices for constructive notice of the foreclosure action.

The California legislature subsequently rectified the problem created by the court in *Tulloh v. Boyce* by amending its mechanic's lien statute by adding to the clause requiring proceedings on the lien to be brought within ninety days a provision requiring a lien claimant to file a notice of lis pendens when he brought an action to foreclose. Thereafter, the statute was again amended to provide that notice of the pendency of the proceedings *may* be filed and that only after such filing would a purchaser be deemed to have constructive notice of the pendency of the action. *See Packard Bell Electronics Corp. v. Theseus, Inc.,* 244 Cal.App.2d 355, 362, 53 Cal.Rptr. 300, 304 (1966). Thus, California was required to establish by statute precisely what we arrive at by interpretation of statute. California had to legislate only because the *Tulloh* court did not interpret properly.[1]

We see no reason to imitate an error made over sixty years ago in another jurisdiction.

■ The appellant relies heavily on the language of A.R.S. § 12–1191 for the proposition that the filing of a notice of lis pendens is permissive. This, he says, supports his conclusion that the lien notice is constructive notice without the need to file a lis pendens after a foreclosure complaint is filed because the statute does not say the notice of pendency *must* be filed. We agree that the lienholder does not have to file a lis pendens to keep his lien alive any more than the grantee of a deed to land needs to record his deed. But he *may* file and he *must* do so if he wants to impart constructive notice after the time to file a complaint to foreclose his lien has passed.

■ Appellant also seeks in this appeal to hold Minnesota Title liable for its failure to disclose appellant's lien to the purchaser Stockwell. While our preceding conclusion renders the issue moot in this case we will briefly address the question. Arizona law is clear that a title company is not liable for any damage suffered by a lienholder as a result of a title report issued to a subsequent purchaser of property, absent privity of contract between the lienholder and the title company. *See Phoenix Title and Trust Co. v. Continental Oil Co.,* 43 Ariz. 219, 29 P.2d 1065 (1934); *Arizona Title Insurance and Trust Co. v. O'Malley Lumber Co.,* 14 Ariz.App. 486, 484 P.2d 639 (1971).

■ Appellant suggests that there is an exception to this rule where a beneficiary of the title policy (Collins) is known to the promisor (Minnesota Title). Arizona law, however, is also clear that the parties in privity of the contract, *i.e.,* appellees Minnesota Title and Stockwell, must intend to specifically benefit a third-party beneficiary such as Collins. *Phoenix Title and Trust Co. v. Continental Oil Co., supra.* No such intent is evident here.

1. Colorado solved the same problem of judicial misinterpretation by statutory enactment. *Compare Laverentz v. Craig,* 74 Colo. 297, 225 P. 250 (1923) with *Kalamath Investment Co. v. Asphalt Paving Co.,* 153 Colo. 109, 384 P.2d 938 (1963).

Therefore, we affirm the judgment of the trial court.

CORCORAN, J., concurs.

OGG, Presiding Judge, dissenting:

I must respectfully dissent in part from the opinion expressed by the majority. In this case the appellant, on September 21, 1978, filed a mechanic's lien in the Maricopa County Recorder's Office on the subject property in an attempt to obtain payment for tile work performed as a subcontractor. The appellant filed his action to foreclose the lien in the Superior Court of Maricopa County on September 26, 1978. There is no allegation that the subject lien was defective in any way and it is conceded that the lien was in full compliance with A.R.S. § 33–998. There is further agreement that appellant filed the superior court action to foreclose the lien within six months after the recording date as required by A.R.S. § 33–998. It is my opinion that the appellant has done all that was necessary under Arizona statutes to perfect his lien. *See James Weller, Inc. v. Hansen*, 21 Ariz.App. 217, 517 P.2d 1110 (1973).

A.R.S. § 33–416 provides that instruments required or authorized to be recorded "shall be notice to all persons of the existence of such ... instrument ...". I believe that the recording of the lien with service of a copy of such lien on the owner, together with the filing of the foreclosure action, gave the appellees legal notice of the contested lien.

The lis pendens statute, A.R.S. § 12–1191, relied upon by the majority, is permissive in stating a lis pendens *may* be filed in an action affecting title to real property. This statute simply provides an additional method of giving notice that a mechanic's lien has been recorded. There is nothing in A.R.S. Art. 6, Mechanics' and Materialmen's Liens statutes, §§ 33–981 through 33–1006, that requires a mechanic's or materialmen's lien claimant to file a notice of lis pendens *in addition to the requirement of recording* his notice of lien and the requirement that the claimant institute an action to foreclose such lien within six months of the filing date.

I note that although the provisions of Arizona's mechanic's lien statutes must be strictly followed, *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 561 P.2d 750 (App.1977), the Arizona lien statutes are remedial and "are to be liberally construed to protect those who enhance the value of improvements." *James Weller, Inc. v. Hansen, supra* at 223, 517 P.2d at 1116.

In a similar factual case involving a similar statutory scheme, the California court in *Tulloh v. Boyce*, 37 Cal.App. 761, 174 P. 680 (1918), held that once a mechanic's lien claimant complies with the lien statutes, it is not necessary to file a notice of lis pendens. In 1953, California amended its mechanic's lien statutes to require the filing of a lis pendens notice.

The practical business approach, which requires the additional filing of a notice of lis pendens, as advocated by the majority, has a definite appeal; however, in my opinion such a change can only be made by the Arizona Legislature. This court is obligated to construe the pertinent statutes according to their clear, unambiguous terms. Where the meaning of a statute does not lead to an impossibility or absurdity, this court must follow that meaning even though the results may be harsh, unjust or a mistake in policy. *State Tax Commission v. Television Services, Inc.*, 108 Ariz. 236, 495 P.2d 466 (1972).

I concur with the majority in the holding that the title company is not liable to the appellant.